■   MAURO GISONDI, Individually and as Guardian ad Litem of MAUREEN GISONDI, an Infant, Respondent-Appellant, v. TOWN OF HARRISON, Defendant, and BOARD OF EDUCATION, UNION FREE SCHOOL DISTRICT No. 6, Appellant-Respondent.— In a negligence action by the infant plaintiff to recover damages for personal injuries sustained by her as a result of burns suffered at a fireplace in a public park, and by her father to recover damages for medical expenses and loss of the infant's services, the parties cross-appeal from an order of the Supreme Court, Westchester County, dated July 27, 1961, as follows: (1) plaintiffs appeal from so much of the order as denied so much of their motion as sought to increase the *ad damnum* clause in their notice of claim and complaint from $125,000 to $500,000 as to the infant plaintiff, and from $25,000 to $150,000 as to the plaintiff father; and (2) defendant Board of Education appeals, as limited by its brief, from so much of the order as: (a) denied its cross motion for summary judgment; and (b) granted plaintiffs' motion to the extent of permitting them to serve *nunc pro tunc* an amended notice of claim, an amended complaint and an amended bill of particulars. Order modified as follows: (1) by striking out from the fourth and fifth decretal paragraphs granting leave to serve an amended notice of claim and an amended complaint, the provisions which limit the demand for money damages to the sums originally claimed; and (2) by substituting therefor provisions permitting the original demand for damages to be increased to $500,000 for the infant plaintiff and to $150,000 for the plaintiff father. As so modified, order, insofar as appealed from, affirmed, without costs, and without prejudice to an application by defendants, if so advised, to obtain another physical examination of the infant plaintiff after the plaintiffs shall have served their amended notice of claim, amended complaint and amended bill of particulars. Plaintiffs' time to effect such service is extended until 20 days after entry of the order hereon. There is no claim of irregularity pertaining to the manner or time of service of the notice of claim served by the plaintiffs upon the defendant Board of Education. Any other mistakes or defects made in good faith may be corrected or disregarded in the discretion of the court, provided the party receiving the notice of claim is not prejudiced thereby (General Municipal Law, § 50-e). The power of the court to correct or disregard such mistakes or defects is broad (*Winbush* v. *City of Mount Vernon*, 306 N. Y. 327, 333). In this case the contents of the notice of claim gave to the defendant board all the information required by the statute; and the title of the notice stated that the claim was against the board. The board admits full knowledge of the accident and of the parties involved. Moreover, it admits receipt of a letter stating plaintiffs' intention to file a claim. The Special Term properly disregarded those words in the body of the notice which indicated that the claim was against the

defendant town only (see *Zivyak* v. *Board of Educ. of City of N. Y.*, 282 App. Div. 704; *Torres* v. *Board of Educ. of City of N. Y.*, 13 A D 2d 948). It was also proper to permit the amendment of the notice of claim to correct the. improperly executed verification (*McCullough* v. *Board of Educ. of Ramapo Cent. School Dist. No. 2, Rockland County*, 11 A D 2d 740). With respect to plaintiffs' motion to increase their demand for money damages, it appears that since the commencement of the action (which in this case was required to be commenced within one year) the infant plaintiff has exhibited an excessive tendency to scar; that two of three operations to excise hypertrophic scars were performed after the complaint was served; and, according to the affidavit of plaintiffs' physician, that additional operative procedures may become necessary for the purpose of adding skin to permit the infant's proper growth and development. Under the circumstances it was error to refuse to permit plaintiffs to increase their original demand for damages. Beldock, P. J., Christ, Hill, Rabin and Hopkins, JJ., concur.