## (May 8, 1963)

■ WILLIAM J. GARDENIER, Respondent, v. TOWN OF COLONIE et al., Appellants.— Appeals by defendants (1) from a judgment of the Supreme Court at Trial Term in Albany County, entered upon a verdict for plaintiff of $95,000 in an action for assault; (2) from an order of said court which denied defendants' motion to set aside the verdict and for a new trial; and (3) from an order of said court which granted plaintiff's motion, made at the trial, to amend the complaint by increasing the amount of damages demanded from $150,000 to $250,000 and to amend plaintiff's claim filed under section 50-e of the

General Municipal Law by increasing the amount of the damages alleged from $30,000 to $250,000. The jury could properly find that plaintiff, after being arrested and arraigned upon a charge of operating a motor vehicle while in an intoxicated condition, was severely beaten, without provocation or justification, by both of the defendant police officers; that the assault commenced when Officer Salkis, with his fist, struck plaintiff in the mouth, causing an extensive laceration of the lip (as revealed by a photograph in evidence) and knocking plaintiff to the floor; that when plaintiff got up, Salkis struck him in the jaw (where a contusion was observed by a physician some days later), this second blow knocking plaintiff to his knees; and that while plaintiff was upon his knees, he was struck on the back of his head, as many as five times, by a blackjack wielded by Officer Coon (a photograph in evidence disclosing five extensive, sutured lacerations). Upon this appeal, we find the critical issue to be that arising upon appellants' contention that the verdict was excessive and based upon speculative evidence. We cannot say, however, that the jury was not entitled to find preponderant the testimony of plaintiff's attending physician and that of his consultant neurosurgeon that his injuries resulted in a post-traumatic seizure disorder or posttraumatic epilepsy and in a separate post-concussive syndrome consisting of headaches, dizziness and ringing in the ears; this as against the testimony of another neurosurgeon called by plaintiff that it was still too early for him to determine whether plaintiff's observed convulsive seizures were caused by trauma, and as against the testimony of defendants' experts that the seizures were caused by infection unrelated to the injuries. Contrary to appellants' contention, a period of unconsciousness, as reported in some but not all of plaintiff's medical histories and as assumed in the hypothetical questions, could properly be found from the evidence. Plaintiff's attending physician found both the epilepsy and the postconcussive syndrome permanent and his neurosurgeon found the latter condition permanent but was not asked as to the permanency of the epilepsy which he found, but he did say that epilepsy appearing after one year (as here, apparently) is usually permanent. However, aside from two or three general and conclusory statements by these doctors, there was no evidence from plaintiff or any other witness as to any present marked effect of the diagnosed conditions upon plaintiff's daily life or upon his business activities and earnings. Some dangerous and deleterious results and potentials may, nevertheless, be properly found but the proof in this particular case does not, in our view, support the amount of the verdict. We find, in the record of the trial (including plaintiff's attorney's summation, to which no objection or exception was taken) no error requiring reversal; and none, certainly, affecting any substantial right of the appellants (Civ. Prac. Act, § 106); and the case was submitted under a fair and comprehensive charge to which no exception was taken. Defendants were advised long before the trial that plaintiff would move to amend the complaint (served before the first convulsive seizure) and now demonstrate no prejudice whatsoever and the order permitting amendment was reasonably granted. (*Nagle* v. *Bryn Mawr Ridge*, 7 A D 2d 1007.) The amendment of the notice of claim was unnecessary and, therefore, harmless, as the assertion of the amount of the monetary damages sought to be recovered was, in reality, plaintiff's demand and not a factual statement of "the items of damage or injuries claimed" (General Municipal Law, § 50-e, subd. 2, par. [4]) and hence was not "an essential part of the claim" (*Reed* v. *Mayor*, 97 N. Y. 620, 621; *Matter of Zultowski* v. *New York City Tr. Auth.*, 9 Misc 2d 231); but, were the rule otherwise, subdivision 6 of section 50-e of the General Municipal Law would seem to authorize the amendment as curative of "mistake" (under a fair interpretation of that term) in the evaluation of damages made long prior

to any suspicion of epilepsy. Judgment and order denying motion to set aside the verdict reversed, on the law and the facts, and a new trial ordered, with costs to abide the event, unless, within 20 days after service of a copy of the order to be entered hereon, respondent shall stipulate to reduce the verdict to $50,000, in which event judgment, as reduced, and order affirmed, without costs. Order granting motion to amend affirmed, without costs. Bergan, P. J., Gibson, Herlihy, Reynolds and Taylor, JJ., concur.