Marshall E. Livingston, J.
This is a motion by a 35-year-old claimant for permission, under section 50-e of the General Municipal Law, to file a late claim against Wayne County, New York.
The accident out of which claimant’s injury arose occurred October 15, 1966, at about 10 :00 p.m. The claimant had just alighted from an automobile in front of his home and was proceeding toward it when he fell into an unguarded and unlighted ditch about two feet wide and two feet deep, allegedly excavated in a negligent manner by the Highway Department of Wayne County as a part of a road repair job.
As a result of the accident, claimant sustained comminuted displaced fractures of the right fibula and tibia, distal third, one inch lacerations on the right .side of his forehead, and abrasions of both knees. A closed reduction of the fractures was attempted, and a cast was applied on October 16. About one week later, the doctor determined that the attempt to reduce the unstable fracture of the tibia was unsuccessful, and on October 26, he did an open reduction and inserted a stainless steel plate and .screws.
Claimant was discharged from the hospital on crutches with a full leg cast on November 2, 1966. He returned to his home where he convalesced, except for visits to the doctor and occasional trips into Wolcott, as a passenger in a car, during the 90-day period following the injury.
The full leg cast was removed, and a lmee-length one was applied just before Christmas, 1966, which he spent with friends away from his home. The cast was changed again in March, 1967. In May, 1967 a walking cast was applied, and it was the latter part of that month before claimant could walk without the use of regular crutches. Even at the hearing held August 15, *417 1967, at which time testimony was taken relative to this motion, the claimant was using what I would call cane or arm crutches.
Various disinterested witnesses testified at the hearing that from February, 1967 on, the claimant was around Wolcott on crutches on many occasions. There was no evidence, except for the trips to the doctor for treatment, that claimant was out and about during the 90 days following October 15, 1966.
Although the claimant knew practically all of the attorneys in Wolcott, Hew York, he never contacted any of them until May, 1967. One of these attorneys referred claimant to his present counsel, and this application was promptly made.
Perhaps the first matter to be considered is the defendant’s contention, in its attorneys’ answering affidavit, that the venue of the motion in Special Term, Monroe County, was improper for the reason that subdivision 5 of section 50-e of the General Municipal Law provides that the application ‘ ‘ shall be made returnable * * * in the county where an action on the claim could properly be brought for trial ’ ’.
However, I view the matter strictly as a question of venue and not jurisdictional. Therefore, if defendant had specially appeared and specifically objected to the venue of the motion, such an objection might have been well taken. Defendant had requested a hearing relative to the physical incapacity of the claimant, as the basis for the application. On the return date, no objection was made to venue, and the hearing proceeded. The venue for the motion was proper (see Musarra v. New York City Housing Auth., 141 N. Y. S. 2d 267).
The discretion granted the court by subdivision 5 of section 50-e of the General Municipal Law provides for the late filing of a notice of claim 11 within a reasonable time ’ ’ after the expiration of the 90-day period in a case where the claimant is ‘1 physically incapacitated, and by reason of such disability fails to serve a notice of claim within the time specified ’ ’.
Although the claimant here claims no mental disability, nevertheless, he did suffer a serious injury which incapacitated him, albeit not totally, for the 90-day period. The crux of the matter here seems to me to be whether the claimant’s injury and its disabling effects, which the claimant still experiences, furnish a proper foundation to exercise discretion in granting this motion. I hold that it is. As the court said in Matter of Hogan v. City of Cohoes (279 App. Div. 282, 285): “ The essence of the problem presented here is what the Legislature intended by the use of this language ‘ and by reason of such disability fails to serve a notice of claim ’. We think it must have meant that where the delay in filing was reasonably attribu *418 table in any substantial degree to the fact of * * * [physical incapacity] the courts might grant relief within the period of a year.”
The requirement of notice was said by the Judicial Council in 1943 to be a safeguard to protect municipalities against fraudulent and stale claims (see Matter of Martin v. School Bd. [Long Beach], 301 N. Y. 233, 236).
In this case, however, the county, although not aware of this particular accident, nevertheless Imew of the condition which it is alleged caused it. On cross-examination by defendant’s counsel, the claimant testified that before the accident, he had talked with Mr. Philip Rice, the County Superintendent of Highways, about the condition of the drainage ditch in front of his house.
The claimant’s proposed verified claim and his affidavit on this motion respecting the time and place of the injury are corroborated to some extent by the hospital record.
The defendant’s suggestion that the claimant’s friend could have asked an attorney to see him during his convalescence raises no question. “ There is nothing in the statute which states that a * * * friend * * * must attend to the serving of a notice of claim if the injured person is incapacitated from doing so ” (Matter of Rosenberg v. City of New York, 309 N. Y. 304, 307).
Defendant also points out that claimant called and made appointments by telephone for medical treatment; that he was driven to see Dr. Pope once in November and two or three times in December of 1966, and once in January, 1967, after the 90-day period had expired; that therefore the claimant could and should have at least called a lawyer before the time expired.
However, these trips and telephone calls were made necessary by reason of the claimant’s condition, which in my judgment constituted a substantial physical disability, and this application to file a late claim is reasonably attributable to it (Matter of Hogan v. City of Cohoes, 279 App. Div. 282, 285, supra). The motion to file a late claim is granted.