■ JAMES BOREFFI, Respondent, v. TOWN OF VESTAL et al., Appellants.— STALEY, JR., J. Appeal from an order of the Supreme Court at Special Term, entered September 3, 1969 in Broome County, which granted respondent's motion for leave to file a notice of claim *nunc pro tunc* against defendant municipality upon the ground of physical incapacity. Respondent was injured on February 25, 1969 when the car in which he was a passenger collided with a car owned by the Town of Vestal. Subdivision 1 of section 50-e of the General Municipal Law requires, as a condition precedent to the institution of an action against a municipality, the filing of a notice of claim within 90 days after the claim arises. Subdivision 5 of section 50-e authorizes the court in its discretion to grant leave to serve a notice of claim within a reasonable time after the expiration of such 90-day period where the claimant is "physically incapacitated, and by reason of such disability fails to serve a notice of claim within the time specified" providing application for such leave is made within one year after the happening of the event upon which the claim is based upon an affidavit showing the particular facts which caused the delay, accompanied by a copy of the proposed notice of claim. Respondent's affidavit submitted in support of his motion states that he was injured on February 25, 1969; that he was confined to his home for a period of time and was subsequently admitted to two hospitals, and on March 18, 1969 returned to his home; that thereafter he was periodically readmitted to the hospitals except for various intervals when he resumed his employment for brief periods of time. There is nothing stated in the affidavit as to the dates or the period of time in which he resumed employment, nor of the actual period of time after March 18, 1969 that he was hospitalized, and no reason is given for his failure to file the notice of claim during the time he resumed his employment. The medical report submitted consists merely of a diagnosis of respondent's condition without setting forth the degree of disability or the period of disability. The affidavits of respondent's attorney are equally vague on the important facts. The moving affidavits and the medical report being vague on the important facts, there was no basis for the court to grant the relief requested. (*Matter of Liegl* v. *City of Buffalo*, 12 A D 2d 889; *Horowitz* v. *Village of Monticello*, 18 A D 2d 947.) The

nature of the accident here does not lend itself to a claim of lack of knowledge on the part of the appellant municipality. (*Williams* v. *City of Albany*, 193 Misc. 1037.) While this is not dispositive, it may be taken into consideration. (*Matter of Shane* v. *County of Albany*, 20 A D 2d 746; *Matter of Santora* v. *New York City Housing Auth.*, 27 A D 2d 733.) Generally, subdivision 5 of section 50-e of the General Municipal Law has been liberally construed, and respondent should, therefore, have the opportunity to submit a further application for the purpose of setting forth additional facts which may present a legal excuse. (*Matter of Liegl* v. *City of Buffalo, supra.*) Order reversed, on the law and the facts, without costs, and application denied, without prejudice to its renewal within 20 days upon proper papers. Herlihy, P. J., Staley, Jr., Greenblott, Cooke and Sweeney, JJ., concur in memorandum by Staley, Jr., J.