In the Matter of CYNTHIA BROOKS, an Infant, by RITA BROOKS, Her Parent and Natural Guardian, Respondent, v. RENSSELAER COUNTY, Appellant, et al., Defendant.— SWEENEY, J. Appeal from an order of the Supreme Court at Special Term, entered April 30, 1969, which granted leave to the infant plaintiff to file a late notice of claim. The infant plaintiff, aged 14, was involved in an automobile accident on July 20, 1967 while a passenger in a vehicle owned by the appellant Rensselaer County. After several days in the hospital she returned to her home in New Jersey. In the meantime, her parents had engaged attorneys who wrote on July 25, 1967 to the Rensselaer County Department of Public Welfare advising that they represented the infant for the injuries she received on July 20, 1967 due to the negligence of the operator of one of the county's vehicles on Route 22 in Berlin, New York. The county replied that the vehicle involved had been stolen and relief should be obtained from the MVAIC. Thereafter, a local New York attorney was engaged, and after his investigation, and on July 19, 1968, the motion for leave to file late was made on behalf of the plaintiff. The appellant maintains that the failure to timely file was not due to infancy, and further that the attorney's affidavit has no probative value. This court has uniformly given a liberal construction to subdivision 5 of section 50-e of the General Municipal Law. In the instant case, the application was made within one year, as prescribed by the statute. The appellant had actual notice within five days after the accident that plaintiff was injured in one of its vehicles and was going to make a claim therefor. We believe it is rather patent that a 14-year-old infant does not have the capacity to protect her interests when involved in an automobile accident, particularly in a foreign State. Certainly the Legislature did not intend that she go unprotected. (See *Matter of Hogan* v. *City of Cohoes*, 279 App. Div. 282, 285.) Under the circumstances of this case we cannot say that Special Term abused its discretion in allowing plaintiff to file late. (*Matter of Shane* v. *County of Albany*, 20 A D 2d 746; *Matter of Esslie* v. *Central School District No. 1*, 20 A D 2d 748.) While this application was made solely on the attorney's affidavit, it is corroborated by other documentary proof, including the letter written by the New Jersey attorneys and the notice of intention filed with MVAIC which was signed by the infant's mother. Under the circumstances, therefore, it was sufficient. (*Ryan* v. *Collins*, 33 A D 2d 966.) Order affirmed, with costs. Herlihy, P. J., Reynolds, Staley, Jr., Greenblott and Sweeney, JJ., concur in memorandum by Sweeney, J.

 RUTH BARTON et al., Appellants, v. CITY OF SARATOGA SPRINGS, Respondent. (And 2 Other Actions.) — Order affirmed, without costs, on authority of *Kratz* v. *Dussault* (33 A D 2d 826). No opinion. Herlihy, P. J., Reynolds, Staley, Jr., Greenblott and Cooke, JJ., concur.