■ In the Matter of ARTHUR R. OSTRANDER, Respondent, v. CITY OF SYRACUSE et al., Appellants.— Orders unanimously reversed, without costs, and motion denied. Memorandum: Claimant was injured on July 2, 1971 in a collision with a Syracuse police car. A few days thereafter he informed his attorney (Cambareri) of the occurrence and two weeks after the accident he went to his attorney's office and instructed his attorney to do everything necessary to protect his rights. On August 7, 1971 he attended a motor vehicle hearing. He returned to his work as a bartender six weeks after he was injured and continued to have headaches and occasional dizzy spells thereafter. He failed to serve a notice of claim on the City of Syracuse within the 90-day period specified in section 50-e of the General Municipal Law. His attorney (Cambareri) committed suicide on November 9, 1971 and claimant retained his present attorneys on November 22, 1971. The order appealed from granted claimant leave to serve a notice of claim pursuant to subdivision 5 of section 50-e on the ground that his prior attorney was incapacitated. There is insufficient proof in the record to establish incapacity of the attorney within the 90-day period and, in any case, there is no authority in the law to grant leave on that ground. The court may grant leave to an adult claimant to serve a notice of claim after the 90-day period only where the claimant has been mentally or physically incapacitated and by reason of such disability has failed to serve a notice of claim within the time specified. (*Pugh* v. *Board of Educ.*, 38 A D 2d 619, 620, affd. 30 N Y 2d 968; *Klein* v. *New York City Tr. Auth.*, 23 N Y 2d 707; *Matter of Shankman* v. *New York City Housing Auth.*, 21 A D 2d 968, affd. 16 N Y 2d 500; *Martinez* v. *New York City Tr. Auth.*, 33 A D 2d 669; *Matter of Lawrence* v. *New York City Tr. Auth.*, 31 A D 2d 514.) There being no showing that claimant's failure to serve his claim within the 90-day period resulted from any mental or physical incapacity suffered by him, there is no basis in the record for granting the order appealed from. (Appeal from order and resettled order of Onondaga Special Term granting motion to file late notice of claim.) Present — Del Vecchio, J. P., Marsh, Witmer, Cardamone and Henry, JJ.