■ WAVERLY VILLAGE APARTMENTS, Appellant, v TOWN OF WEBSTER, Respondent.—Order unanimously reversed, with costs, and motion granted. Memorandum: On this appeal appellant alleges that its apartment complex has sustained damages to the extent of $300,000 because of hard and dirty water negligently supplied to it by respondent municipality. It originally filed a notice of claim with respondent on July 28, 1976 to recover $100,000 in damages. On December 27, 1976 it made a motion to Special Term to amend its notice of claim to allege additional items of damage and increase the amount to $300,000. Special Term denied the motion as premature since no action or proceeding was pending. We reverse and grant the motion to amend the notice of claim. We disagree with respondent's contention that the language of subdivision 6 of section 50-e of the General Municipal Law requires that an action be first commenced. Generally, a motion may be entertained by a court before the action is commenced (1 Weinstein-Korn-Miller, NY Civ Prac, par 103.06), and we hold that a notice of claim may be amended with court permission after it is served or after the summons and complaint are served. Indeed, former subdivision 6 expressly permitted amendment of the notice of claim before the action was commenced and it appears that the amendments to subdivision 6 and 7 were intended to clarify and continue this procedure. It would require a waste of time and effort to hold otherwise and mandate a service of a summons or complaint which concededly will be amended later, before permitting amendment of the notice of claim and the subsequent service of amended pleadings. Nor should the amendment be denied because it proposes new items of damage and increases the amount claimed (see Gardenier v Town of Colonie, 19 AD2d 572, affd 13 NY2d 1047; Gisondi v Town of Harrison, 16 AD2d 929). No specific prejudice other than the increase in the ad damnum and the delay of five months is alleged by the municipality and, since the application was made well within the period within which a late notice may be permitted, we find these allegations insufficient to warrant denying the motion. (Appeal from order of Monroe Supreme Court—amend claim.) Present—Moule, J. P., Cardamone, Simons and Hancock, Jr., JJ.