■ ANN GOODSON, Respondent, v NEW YORK CITY TRANSIT AUTHORITY, Appellant.—Order, Supreme Court, New York County, entered May 5, 1978, granting claimant's motion pursuant to subdivision 5 of section 50-e of the General Municipal Law, for leave to serve a late notice of claim, unanimously reversed, on the law, and the application denied, without costs and without disbursements. The late notice sought to be served pertains to an accident which allegedly occurred on September 22, 1977, when claimant stepped in a hole or depression on a stairway at the Times Square station of the Seventh Avenue IRT subway. Although she contends that she was aided at the time by a uniformed transit authority employee, neither the identity nor a description of the employee has been furnished. Both the notice of claim and the moving papers conspicuously fail to set forth the relevant facts sufficient to have afforded the transit authority notice so as to permit some opportunity to investigate. The location of the accident has not been specified, other than the general statement that the accident occurred within the station "on the platform at the bottom of the stairway leading down to the Seventh Avenue IRT uptown trains * * * on the first step onto the platform off the stairway." Moreover, no excuse is offered for the failure to serve timely notice within 90 days after the occurrence. Although the accident is alleged to have occurred on September 22, 1977, counsel was not retained until March 30, 1978 and the present application for leave to serve a late notice of claim was thereafter made by personal service effected on April 7, 1978. No explanation is offered to excuse the delay during the intervening period subsequent to the accident. Furthermore, although claimant asserts that she sustained a herniated disc and severe sprains of both ankles, she was not hospitalized until February 28, 1978, more than five months after the accident. The hospitalization plainly had nothing to do with the delay in filing. Nor has claimant submitted any substantiating proof to establish a causal relationship between the injuries and the alleged occurrence of September 22, 1977. Under the circumstances Special Term abused its discretion in permitting late service of the notice of claim under subdivision 5 of section 50-e of the General Municipal Law. Concur—Kupferman, J. P., Birns, Silverman, Fein and Lane, JJ.

■ ADELA HOLZER, Respondent, v PETER HOLZER, Appellant.—Order, Supreme Court, New York County, entered March 27, 1978, granting plaintiff's application and directing payment of $750 per week as temporary alimony and child support, unanimously modified, on the facts and in the exercise of discretion, to the extent of reducing the amount to $350 per week unallocated alimony and support retroactive to December 29, 1977, without credit for overpayments, and otherwise affirmed, without costs or disbursements. We find that, under all the facts and circumstances, the amount awarded *pendente lite* was excessive to the extent indicated. The parties are directed to proceed to trial expeditiously, where the finances of the parties can be more clearly ascertained and a permanent award made. Concur—Kupferman, J. P., Birns, Silverman, Fein and Lane, JJ.