■ In the Matter of SYBIL C. WILLIAMS, Appellant, v COUNTY OF DUTCHESS, Respondent.—In a proceeding pursuant to section 50-e of the General Municipal Law for leave to serve a late notice of claim against the County of Dutchess, the claimant appeals from an order of the Supreme Court, Dutchess County, dated June 29, 1978, which denied the application. Order affirmed, without costs or disbursements. On this record Special Term properly exercised its discretion in finding that the claimant was not so physically disabled as to justify a delay of more than three and one-half months after the 90-day time limitation provided in the statute had expired. O'Connor, J. P., Rabin and Mangano, JJ., concur.

Shapiro, J., dissents and votes to reverse the order and grant appellant's application for leave to serve a late notice of claim as permitted by subdivision 5 of section 50-e of the General Municipal Law, with the following memorandum: In my opinion Special Term should have granted the application on the ground that (1) the claimant was sufficiently incapaci-

tated to come within the statutory requirements and (2) there was no discernible prejudice to the respondent (cf. *Matter of Beary v City of Rye,* 44 NY2d 398). Section 50-e of the General Municipal Law is a remedial statute; where the delay is sufficiently and properly explained and where there is little likelihood of prejudice we should avoid a construction which dilutes its intended effect (cf. *Matter of Brooks v Rensselaer County,* 34 AD2d 708; *Boreffi v Town of Vestal,* 33 AD2d 1073; *Matter of Blaisdell v County of Wayne,* 54 Misc 2d 415).