■ In the Matter of KHODAYAR KHODADADI, Petitioner, v ARTHUR LEVITT, as Comptroller of the State of New York and Head of the New York State Employees' Retirement System, Respondent.—Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court at Special Term, entered in Albany County) to review a determination of the Comptroller which denied petitioner's application for accidental disability retirement benefits. The Comptroller is vested with exclusive authority to determine applications for retirement (Retirement and Social Security Law, § 74), and " 'If reasonable minds might fairly differ' as to whether there was or was not an accident, 'the Comptroller's independent judgment must be accepted' " (Matter of Croshier v Levitt, 5 NY2d 259, 265). Since there is evidence in the record from which the Comptroller could conclude that petitioner's disability resulted from physical strain in the ordinary performance of his duties, the denial of petitioner's application for accidental disability benefits must be confirmed (Matter of Deos v Levitt, 62 AD2d 1121). Determination confirmed, and petition dismissed, without costs. Mahoney, P. J., Greenblott, Staley, Jr., Main and Mikoll, JJ., concur.

■ BRYAN D. HUTCHINS, Respondent, v VILLAGE OF TUPPER LAKE HOUSING AUTHORITY, Appellant.—Appeal from an order of the Supreme Court at Special Term, entered August 16, 1978 in Franklin County, which granted plaintiff's motion for permission to serve a late notice of claim pursuant to section 50-e of the General Municipal Law. Plaintiff allegedly sustained injuries on January 11, 1978, when he slipped and fell on accumulated snow and ice while walking on a public sidewalk in a Village of Tupper Lake housing project. The 90-day period for service of a notice of claim having expired on April 11, 1978, plaintiff moved for permission to serve a late notice of claim on May 18, 1978. His moving papers allege that he was unable to timely serve a notice of claim due to the injuries he sustained as a result of the fall, and the public corporation had knowledge of the accident no later than April 27, 1978, when plaintiff orally informed the housing authority's executive director of the incident. Special Term did not abuse its discretion in granting the motion for leave to serve a late notice of claim against the housing authority (see Segreto v Town of Oyster Bay, 66 AD2d 796; Dickey v County of Nassau, 65 AD2d 780). Subdivision 5 of section 50-e of the General Municipal Law directs a court to consider whether the public corporation had knowledge of the essential facts constituting the claim within 90 days of its accrual or "within a reasonable time thereafter." Special Term based its decision on the housing authority's knowledge of plaintiff's accident only 16 days after the 90-day period terminated and the public corporation's inability to show substantial prejudice due to the delay. We further note that, in the absence of any supporting medical proof, Special Term correctly refused to base its determination on plaintiff's claim of mental incapacity (Matter of Ostrander v City of Syracuse, 40 AD2d 622, affd 33 NY2d 960). Order affirmed, without costs. Mahoney, P. J., Greenblott, Staley, Jr., Main and Mikoll, JJ., concur.