■ In the Matter of DANIEL JAKUBOWICZ, Appellant, v DUNKIRK URBAN RENEWAL AGENCY, INC., Respondent.—Order unanimously reversed, without costs, and application granted. Memorandum: Petitioner appeals from the denial at Special Term of his application for leave to serve a late notice of claim pursuant to subdivision 5 of section 50-e of the General Municipal Law. His claim is for damages stemming from injuries he received on July 28, 1978 while working at a construction site owned by respondent in Dunkirk, New York, when four steel beams collapsed and fell upon pe-

titioner and three other workmen. Petitioner was hospitalized for several weeks and disabled for five months. He states that he did not know that he had a claim against respondent until he retained counsel in February, 1979. The application for leave to serve a late notice of claim was served on respondent on May 14, 1979. In support of his assertion that respondent had actual knowledge of the incident shortly after it occurred and had an opportunity to make a full investigation, petitioner alleges that the Dunkirk police thoroughly investigated the incident and that the accident received substantial publicity and was widely reported in local newspapers. Attached to petitioner's attorney's affidavit is a copy of an article appearing with a photograph and a two-column headline on the front page of the *Dunkirk-Fredonia Evening Observer* on July 29, 1978 (one day after the occurrence) which contains the names and addresses of the four injured workmen, the names of several Dunkirk policemen who investigated the accident, the location of the accident site, and a description of how the accident occurred. Also attached is an article which appeared on an inside page of the April 4, 1979 edition of the *Evening Observer* stating that the City of Dunkirk and respondent expected to be named as defendants in a lawsuit arising from the incident and that respondent had retained counsel in anticipation thereof. Respondent does not deny these allegations and does not contend that it did not receive actual notice of the accident at the time it occurred. Nor does it set forth any facts to support its conclusory claim of prejudice arising from the delay. Thus, we conclude that respondent did acquire actual knowledge of the essential facts of the claim shortly after the incident and was not prejudiced by the delay (see *Matter of Beary v City of Rye,* 44 NY2d 398, 407-408; *Hutchins v Village of Tupper Lake Housing Auth.,* 72 AD2d 875; *Segreto v Town of Oyster Bay,* 66 AD2d 796; *Hubbard v County of Suffolk,* 65 AD2d 567; cf. *Matter of Ziecker v Town of Orchard Park,* 70 AD2d 422). Under these circumstances, it was an abuse of discretion to deny petitioner's application for leave to file a late notice of claim. (Appeal from order of Erie Supreme Court—notice of claim.) Present— Simons, J. P., Hancock, Jr., Schnepp, Callahan and Moule, JJ.