■ In the Matter of SALVATORE SOMMA et al., Respondents, v CITY OF NEW YORK, Appellant. — In a proceeding pursuant to subdivision 5 of section 50-e of the General Municipal Law for leave to serve a late notice of claim, the City of New York appeals from an order of the Supreme Court, Kings County, dated May 6, 1980, which granted the application. Order affirmed, with $50 costs and disbursements. Salvatore Somma (hereafter petitioner), an employee of the New York City Department of Sanitation, was injured on April 23, 1979, when the hopper of the garbage truck which he was operating allegedly forcefully extruded a previously loaded item of refuse, knocking him to the ground unconscious. He was given emergency room treatment and late that day, filed a line of duty injury report, setting forth the date, time and place of the occurrence, the manner in which the injuries occurred, and the injuries sustained. He was also seen (within five weeks) by the department of sanitation medical division. Petitioner claims to have been informed for the first time on March 20, 1980, when he appeared as directed at the medical division retirement unit in connection with his application for disability retirement, that a notice of claim had to have been filed within 90 days of the occurrence to pursue a negligence claim against the City of New York. His subsequent application for leave to serve a late notice of claim was granted. We note that petitioner was dilatory and his ignorance of the law does not excuse him from its requirements. However, the purpose of subdivision 5 of section 50-e of the General Municipal Law, as amended, is to allow the judiciary to consider all relevant factors and exercise considerable discretion in determining whether service of a late notice of claim shall be permitted. *(Segreto v Town of Oyster Bay,* 66 AD2d 796.) In particular, the court must consider "whether the public corporation * * * acquired actual knowledge of the essential facts constituting the claim within [90 days after the claim accrued] or within a reasonable time thereafter" (General Municipal Law, § 50-e, subd 5). Also relevant is

"whether the delay in serving the notice of claim substantially prejudiced the public corporation in maintaining its defense on the merits". In the case at bar, it is apparent that the city, by virtue of the line of duty injury report filed with its department of sanitation, had actual knowledge of all the facts relevant to the petitioner's claim shortly after the claim arose (see *Matter of Wade v City of New York,* 65 AD2d 534; *Hutchins v Village of Tupper Lake Housing Auth.,* 72 AD2d 875). Moreover, the city has failed to show that it was in any way prejudiced by the petitioner's delay in filing a formal notice of claim. In the circumstances, Special Term properly granted permission to serve a late notice of claim. Mangano, J.P., Rabin, Margett and Weinstein, JJ., concur.