■ HILDA CENTELLES, Individually and as Administratrix of the Estate of, GERARDO CENTELLES, Deceased, Appellant, v NEW YORK CITY HEALTH & HOSPITALS CORP., Respondent. — In a proceeding pursuant to section 50-e of the General Municipal Law, petitioner appeals, as limited by her brief, from so much of an order of the Supreme Court, Queens County (Hyman, J.), dated February 7, 1980, as denied her application for leave to serve a late notice of claim upon the New York City Health and Hospitals Corporation concerning claims for medical malpractice, conscious pain and suffering, loss of consortium and fraudulent concealment. Order modified, on the law, by deleting that portion denying the application as to the claims for medical malpractice and loss of consortium, and by substituting therefor a provision granting the application as to said claims. As so modified, order affirmed insofar as appealed from, without costs or disbursements. The record reveals that the last known date of appellant's decedent's treatment by the Health and Hospitals Corporation for a stomach condition, ultimately discovered to be cancer, was June 28, 1979. This was the date of his discharge from Queens General Hospital, and the date that his malpractice action accrued (see CPLR 214-a). It is also the date that appellant's claim for loss of consortium accrued, since the malpractice injury and the loss of consortium were practically simultaneous events. (See Limitations — Loss of Services, Ann., 173 ALR 750, 756.) The instant application for leave to serve a late notice of claim upon the Health and Hospitals Corporation was made on October 8, 1979, 102 days after the accrual of these two claims. It was thus made only 12 days beyond the statutory 90-day period (see General Municipal Law, § 50-e, subd 1, par [a]). Such a delay is "clearly within a reasonable time after the expiration of the 90-day limitation." (See *Segreto v Town of Oyster Bay,* 66 AD2d 796, 797; cf. *Hutchins v Village of Tupper Lake Housing Auth.,* 72 AD2d 875; *Matter of Williams v County of Dutchess,* 71 AD2d 684; *Goodson v New York City Tr. Auth.,* 66 AD2d 675.) Furthermore, it was not shown that "the delay in serving the notice of claim substantially prejudiced the public corporation in maintaining its defense on the merits." (See General Municipal Law, § 50-e, subd 5; see, also, *Hutchins v Village of Tupper Lake Housing Auth., supra; Robb v New York City Housing Auth.,* 71 AD2d 1000.) Moreover, two of the relevant factors that subdivision 5 of section 50-e requires a court to consider in deciding a motion for late service were present in this case, viz., physical incapacitation (cf. *Matter of Wade v City of New York,* 65 AD2d 534) and death of the malpractice claimant (i.e., appellant's decedent — her husband) before the time limited for service of the notice of claim. As to the claim for loss of

consortium, it is true that, although a derivative claim, it is the wife's independent claim. (See *Millington v Southeastern Elevator Co.,* 22 NY2d 498.) Therefore, her husband's incapacitation and death could not, technically speaking, be said to affect the service of a notice as to her claim. And yet, "[s]ince in New York, it is rare, if not unknown, to try [one spouse's] consortium action separately from [the other's] negligence action" *(Millington v Southeastern Elevator Co., supra,* p 502), this factor, considered in conjunction with the minimal delay in moving for leave to serve a late notice and the lack of prejudice to the public corporation, should permit a late service of a notice as to both the malpractice and loss of consortium claims. Such a result is supported by the fact that the new standards under the General Municipal Law (§ 50-e, subd 5, as amd by L 1976, ch 745, § 2) "are far more elastic. In substance, they require a court 'to consider' not only the factors to which it was formerly limited, but other newly specified ones along with *'all other relevant facts and circumstances'." (Matter of Beary v City of Rye,* 44 NY2d 398, 407, emphasis added.) Accordingly, the order of Special Term should be modified to permit the service of a late notice of claim upon the New York City Health and Hospitals Corporation as to the claims for medical malpractice and loss of consortium. Mangano, J. P., Weinstein, Thompson and Bracken, JJ., concur.