## (April 8, 1982)

■ In the Matter of PAULINE GELLES, Appellant, v NEW YORK CITY HOUSING AUTHORITY, Respondent. — Order, Supreme Court, New York County (Okin, J.) entered June 4, 1981, which denied petitioner's motion for leave to file a late notice of claim, pursuant to section 50-e of the General Municipal Law, and dismissed the proceeding, unanimously reversed to the extent of granting plaintiff's motion to file a late notice of claim and reinstating the proceeding, on the law and the facts and in the exercise of discretion, without costs, and otherwise affirmed. The appeal from the order, Supreme Court, New York County (Okin, J.), entered June 22, 1981, which denied plaintiff's motion to depose defendant's "claims adjuster" dismissed as academic, without costs. On June 5, 1980 petitioner-appellant slipped and fell on an allegedly defective area of a sidewalk maintained by the New York City Housing Authority. The Housing Police were notified and a written accident report was filed. Petitioner was removed to a hospital where it was disclosed that she had sustained a fracture of the upper right shoulder, chipped bones in her ankle, as well as multiple bruises and contusions. It is agreed that on June 25, 1980 the petitioner was visited by an independent contractor acting on behalf of the respondent, New York City Housing Authority, who took the petitioner's statement and photographs of her injuries, leaving a card with his name and her case number on it. Petitioner alleges that she was instructed to send all medical bills and that they would be paid, including a "little something" for her pain and inconvenience. The defendant denies this. In any case, when the bills went unpaid through the summer and into September, the instant action was commenced on October 2, 1980. The petitioner, having actually waited 120 days after the incident, now seeks permission to file a late notice of claim.

Subdivision 5 of section 50-e of the General Municipal Law was amended in 1976 (L 1976, ch 745, § 2) to allow greater discretion in permitting a late notice of claim to be filed. Specifically subdivision 5 of section 50-e states in relevant part: "[T]he court, in its discretion, may extend the time to serve a notice of claim * * * In determining whether to grant the extension, the court shall consider, in particular, whether the public corporation * * * acquired actual knowledge of the essential facts constituting the claim within the time specified [90 days] * * * or within a reasonable time thereafter * * * whether the claimant failed to serve a timely notice of claim by reason of his justifiable reliance upon settlement representations made by an authorized representative of the public corporation * * * and whether the delay in serving the notice of claim substantially prejudiced the public corporation in maintaining its defense on the merits." Respondent, New York City Housing Authority, does not deny that it had actual notice of the accident at the time it occurred. Not only was a detailed Housing Police report filed but a claims investigator was dispatched within 20 days. Petitioner's reliance on the alleged representations of payment of her hospital bills and the actual filing of the notice being only 30 days late lead to the inescapable conclusion that the discretionary provisions of subdivision 5 of section 50-e apply. We conclude that the New York City Housing Authority was in no way prejudiced by the delay. (See *Matter of Jakubowicz v Dunkirk Urban Renewal Agency,* 75 AD2d 1019; *Matter of Somma v City of New York,* 81 AD2d 889; *Matter of Beary v City of Rye,* 44 NY2d 398.) In this circumstance, Special Term improperly denied permission to file a late notice of claim. Concur — Murphy, P. J., Kupferman, Carro, Markewich and Fein, JJ.