■ SHERRY MESTEL, Respondent, v BOARD OF EDUCATION OF THE CITY OF YONKERS, Appellant. — In an action to recover damages for personal injuries predicated upon theories of negligence and breach of contract, defendant appeals from an order of the Supreme Court, Westchester County (Gurahian, J.), dated December 7, 1981, which granted plaintiff's motion pursuant to subdivision 5 of section 50-e of the General Municipal Law for leave to serve a late notice of claim. Order affirmed, with $50 costs and disbursements. At the time of the incident complained of, two supervisory employees of the defendant were present and assisted the plaintiff so that it is clear that defendant had actual knowledge of the essential facts constituting the claim and has not been substantially prejudiced in maintaining its defense (see *Rella v State of New York,* 89 AD2d 870; *Coonradt v Averill Park Cent. School Dist.,* 75 AD2d 925; *Matter of Ziecker v Town of Orchard Park,* 70 AD2d 422, affd 51 NY2d 957; *Hubbard v County of Suffolk,* 65 AD2d 567). Plaintiff had also sent a notarized report of the incident to the defendant on May 28, 1980, one week after the incident. Gibbons, J. P., Weinstein, Thompson and Rubin, JJ., concur.

■ HERBERT RUBIN, as Conservator of the Property of VICTORIA J. GREEN-IDGE, Respondent, v UNITED METHODIST CITY SOCIETY, INC., et al., Defendants, and JAMES C. DALY, Appellant. — In an action by the conservator of the property of Victoria Greenidge, *inter alia,* to recover damages from Evelyn Winters based on fraud and conversion, James Daly appeals from an order of the Supreme Court, Queens County (Hyman, J.), dated March 30, 1982, which directed that he appear for a pretrial deposition as a nonparty witness. Order affirmed, with $50 costs and disbursements. In our view, plaintiff has shown that the court-ordered deposition of appellant is necessary in order to fully prepare for trial in the action for fraud and conversion. Consequently, the "special circumstances" requirement of CPLR 3101 (subd [a], par [4]) has been met. Damiani, J. P., Gulotta, O'Connor and Brown, JJ., concur.

■ HERBERT RUBIN, as Conservator of the Property of VICTORIA J. GREEN-IDGE, Appellant, v UNITED METHODIST CITY SOCIETY, INC., et al., Defendants, and RUTH B. PETERSON et al., Respondents. — Order of the Supreme Court, Queens County, dated January 7, 1982, affirmed, without costs or disbursements, for the reasons stated by Justice Lerner at Special Term. Damiani, J. P., Gulotta, O'Connor and Brown, JJ., concur.

■ SKY VIEW HOUSING ASSOCIATES, Appellant, v FELIZ ARASIN, Respondent. — In a holdover proceeding, the appeal (by permission) is from an order of the Appellate Term of the Supreme Court for the 2nd and 11th Judicial Districts, dated January 12, 1982, which affirmed a judgment and order of the Civil Court of the City of New York, Queens County, entered July 7, 1980 and August 3, 1981, respectively. Appeal dismissed as academic, without costs or disbursements. Upon oral argument of this appeal, appellant's counsel informed the court that the respondent is no longer a tenant. Bracken, J. P., Niehoff, Rubin and Boyers, JJ., concur.

■ JOHN WICKHAM et al., Respondents, v PRESBYTERY OF LONG ISLAND, Appellant, et al., Defendant. — Judgment of the Supreme Court, Suffolk County, dated April 7, 1981, affirmed, without costs or disbursements, for the reasons stated in the opinion of Justice Geiler at Special Term. Bracken, J. P., Niehoff, Rubin and Boyers, JJ., concur.