■ ROSEMARY E. WEINZEL, Appellant, v COUNTY OF SUFFOLK, Respondent. — In a proceeding pursuant to subdivision 5 of section 50-e of the General Municipal Law for leave to serve a late notice of claim, petitioner appeals from an order of the Supreme Court, Suffolk County (Vitale, J.), dated April 29, 1982, which denied the application. Order reversed, as a matter of discretion, without costs or disbursements, and application granted. On or about May 29, 1981 appellant was repeatedly stabbed by her husband who was employed as a Suffolk County police officer. According to appellant's affidavit, in late 1980 and early 1981, her husband, who had in the past suffered from psychiatric and psychological illnesses for which he received treatment, began to demonstrate abnormal behavior and expressed constant thoughts that the police department was trying to force him to obtain psychiatric treatment in an effort to have him admitted to a mental hospital where he would be confined until he died. The Suffolk County Police Department attempted to have appellant's husband seek a psychiatric evaluation which was necessary in order to retire him on disability. Appellant was asked to co-operate with the Suffolk County police. At their urging, she attempted to persuade her husband to visit the department's psychiatrist, and in early May, 1981, they sought appellant's help in locating her husband in order to serve him with departmental charges. Appellant gave the police her husband's address and urged them not to tell him that she had provided the information to them. According to appellant she repeatedly urged the police to afford her protection, which they promised, but failed to do. The Suffolk County Police Department commenced an investigation immediately after the stabbing. An arrest warrant was issued for appellant's husband, who remained a fugitive until he was apprehended in another jurisdiction in October, 1981. On January 6, 1982 appellant's husband pleaded guilty to attempted murder in the second degree and assault in the first degree. Appellant deposed that she was unable to obtain any information from the Suffolk County Police Department or the Suffolk County District Attorney's office regarding the facts and circumstances of the attack until after her husband's prosecution was completed. "[T]he purpose of subdivision 5 of section 50-e of the General Municipal Law, as amended, is to allow the

judiciary to consider all relevant factors and exercise considerable discretion in determining whether service of a late notice of claim shall be permitted" (*Matter of Somma v City of New York,* 81 AD2d 889). In particular, the court must consider "whether the public corporation * * * acquired actual knowledge of the essential facts constituting the claim within [90 days after the claim accrued] or within a reasonable time thereafter" (General Municipal Law, § 50-e, subd 5). Also relevant is "whether the delay in serving the notice of claim substantially prejudiced the public corporation in maintaining its defense on the merits" (General Municipal Law, § 50-e, subd 5). In the case at bar, it is apparent that Suffolk County, through its police department investigation and that department's request that appellant co-operate with it in locating her husband and persuading him to seek psychiatric evaluation, had actual knowledge of all the facts relevant to the appellant's claim very shortly after it arose (see *Matter of Somma v City of New York, supra; Matter of Ziecker v Town of Orchard Park,* 70 AD2d 422, affd 51 NY2d 957). Moreover, the county has failed to show that it was in any way prejudiced by appellant's delay in serving the notice of claim. Mangano, J. P., Gulotta, Bracken and Niehoff, JJ., concur.