■ JAMES WILLIAMS, Appellant, v NEW YORK CITY HEALTH AND HOSPITALS CORPORATION, Respondent. — Appeal by plaintiff, as limited by his brief, from so much of an order of the Supreme Court, Queens County (Calabretta, J.), dated February 23, 1982, as, upon reargument, adhered to its prior order, dated January 5, 1982, which denied his motion for leave to serve a notice of claim upon the New York City Health and Hospitals Corporation *nunc pro tunc.* Order reversed, insofar as appealed from, on the facts and in the exercise of discretion, without costs or disbursements, order dated January 5, 1982 vacated, and plaintiff's application for leave to serve a notice of claim upon the New York City Health and Hospitals Corporation *nunc pro tunc* granted. Upon

an application for leave to serve a late notice of claim, the court must consider not only the factors specified in the statute but also "all other relevant facts and circumstances" (General Municipal Law, § 50-e, subd 5; *Matter of Beary v City of Rye*, 44 NY2d 398, 407; *Centelles v New York City Health & Hosps. Corp.*, 84 AD2d 826, 827). On this record, we conclude that by virtue of the City Hospital Center at Elmhurst's communications with plaintiff during the 90 days after the claim accrued, the Health and Hospitals Corporation acquired actual knowledge of the essential facts constituting the claim (General Municipal Law, § 50-e, subd 5; *Matter of Gelles v New York City Housing Auth.*, 87 AD2d 757; *Matter of Somma v City of New York*, 81 AD2d 889; *Segreto v Town of Oyster Bay*, 66 AD2d 796). Further, the Health and Hospitals Corporation has failed to demonstrate in any manner that it would be prejudiced by plaintiff's delay in serving a formal notice of claim (*Matter of Somma v City of New York, supra*). Accordingly, considering the facts and circumstances of this case, the application should have been granted. Titone, J. P., Lazer, Weinstein and Boyers, JJ., concur.