■ JAMES HAYDEN, SR., et al., Appellants, v INCORPORATED VILLAGE OF HEMPSTEAD et al., Respondents. — In a proceeding pursuant to subdivision 5 of section 50-e of the General Municipal Law for leave to serve a late notice of claim, petitioners appeal (1) from an order of the Supreme Court, Nassau County (Morrison, J.), dated August 31, 1982, which denied their application and (2) as limited by their brief, from so much of an order of the same court, dated October 25, 1982, as, upon reargument, adhered to its original determination. ¶ Appeal from order dated August 31, 1982, dismissed. That order was superseded by the order dated October 25, 1982. ¶ Order dated October 25, 1982 modified, on the law, and as a matter of discretion, by deleting the provision adhering to the original determination with respect to petitioner James Hayden and substituting therefor a provision granting petitioner James Hayden leave to serve a late notice of claim, and order dated August 31, 1982 modified accordingly. As so modified, order dated October 25, 1982 affirmed insofar as appealed from, without costs or disbursements. ¶ Special Term erred when it found that the Incorporated Village of Hempstead did not have actual knowledge of the essential facts constituting petitioner James Hayden's claims. Generally, in cases involving intentional torts committed by police officers in the scope of their duty, courts have held that knowledge of the tort-feasors is not knowledge of the public corporation (see *Williams v Town of Irondequoit,* 59 AD2d 1049; *Phillips v State of New York,* 36 AD2d 679; *Bommarito v State of New York,* 35 AD2d 458). However, under the circumstances of this case, said holdings are not applicable. Here, the village clerk, one of the alleged tort-feasors, acquired actual knowledge of the essential facts constituting the intentional torts allegedly committed by him and the individual respondents within the statutory 90-day period. The village clerk is a person designated by law to accept service of a notice of claim on the village (see General Municipal Law, § 50-e, subd 3, par [a]; CPLR 311, subd 6). Consequently, the village clerk's knowledge may be imputed to the village (see *Mestel v Board of Educ.,* 90 AD2d 809; *Matter of Cooper v City of Rochester,* 84 AD2d 947). ¶ Furthermore, the village conducted an investigation of the facts surrounding petitioner James Hayden's arrest and resignation within three months after the statutorily prescribed period for serving a notice of claim expired, when the union commenced, on Mr. Hayden's behalf, an article 78 proceeding seeking, *inter alia,* Mr. Hayden's reinstatement to his job with the Department of Recreation and Parks. Aside from the mere passage of time, respondents have not set forth any evidence that Mr. Hayden's delay in applying for leave to serve a late notice of claim would substantially prejudice

the village in the maintenance of its defense. The village clerk, the arresting police officer, and the superintendent of the Department of Recreation and Parks are, apparently, still employed by the village and their affidavits in support of a prior motion to dismiss the proceeding pursuant to CPLR article 78 belies any claim that their memories have been impaired by the passage of time. ¶ We note that petitioner James Hayden was dilatory and his ignorance of the law does not excuse him from the requirements of section 50-e of the General Municipal Law (*Figueroa v City of New York,* 92 AD2d 908; *Matter of Somma v City of New York,* 81 AD2d 889). However, the absence of a reasonable excuse for the delay is not necessarily fatal to an application for leave to serve a late notice of claim (see *Kelly v State of New York,* 88 AD2d 613; *Matter of Cicio v City of New York,* 98 AD2d 38; *Matter of Somma v City of New York, supra*). The purpose of the statutory amendments to subdivision 5 of section 50-e of the General Municipal Law is to allow the judiciary to construe all relevant factors, including the prejudice to the municipality and whether it obtained actual knowledge within the 90-day statutory period or a reasonable time thereafter (see *Matter of Cicio v City of New York, supra; Weinzel v County of Suffolk,* 92 AD2d 545; *Matter of Lucas v City of New York,* 91 AD2d 637; *Matter of Somma v City of New York, supra*). Based on an evaluation of all relevant factors, in our opinion, leave to serve a late notice of claim should have been granted to petitioner James Hayden. However, as to his wife's derivative claim for loss of consortium, the application was properly denied. Thompson, J. P., Bracken, Rubin and Boyers, JJ., concur.