■ JOHN F. QUIRK, Appellant, v VIRGINIA MORRISSEY, Respondent. (Action No. 1.) JOHN F. QUIRK, Appellant, v MIDDLE ISLAND CENTRAL SCHOOL DISTRICT et al., Respondents. (Action No. 2.) — In two actions, *inter alia,* to recover damages for libel and slander, plaintiff appeals from two orders of the Supreme Court, Suffolk County (Underwood, J.), both dated February 24, 1983, which granted defendants' motions for summary judgment dismissing the complaints on the ground that plaintiff failed to

timely serve notices of claim on defendants, and denied plaintiff's cross motions, *inter alia,* for leave to serve late notices of claim pursuant to subdivision 2-a of section 3813 of the Education Law.

Orders reversed, without costs or disbursements, defendants' motions denied, complaints reinstated, plaintiff's cross motions granted to the extent that he is granted leave, *nunc pro tunc,* to serve late notices of claim upon defendants, and matter remitted to Special Term for further proceedings consistent herewith.

Special Term erred in denying so much of plaintiff's cross motions as sought leave to serve late notices of claim on defendant Virginia Morrissey, the former acting superintendent of schools, and defendant Middle Island Central School District, since defendants had actual knowledge of the essential facts constituting plaintiff's claims. The attorneys for the parties entered into settlement discussions during the spring of 1982, at which time the facts underlying plaintiff's claims obviously were discussed, and, aside from the mere passage of time, defendants have not set forth any evidence that the plaintiff's delay in applying for leave to serve late notices of claim has substantially prejudiced them in maintaining their defense on the merits. While plaintiff was dilatory in not serving notices of claim upon defendants until on or about July 19 and July 20 of 1982, respectively, the absence of a reasonable excuse for the delay is not necessarily fatal to an application for leave to serve a late notice of claim (see, e.g., *Hayden v Incorporated Vil. of Hempstead,* 103 AD2d 765; *Matter of Cicio v City of New York,* 98 AD2d 38; *Kelly v State of New York,* 88 AD2d 613; *Matter of Somma v City of New York,* 81 AD2d 889). In determining whether an application for leave to serve a late notice of claim should be granted, the court must consider not only the factors specified in the statute but also "all other relevant facts and circumstances" (Education Law, § 3813, subd 2-a; *Matter of Beary v City of Rye,* 44 NY2d 398, 407; *Hayden v Incorporated Vil. of Hempstead, supra; Matter of Cicio v City of New York, supra; Williams v New York City Health & Hosps. Corp.,* 93 AD2d 885). Therefore, since defendants had sufficient knowledge of the essential facts upon which plaintiff's claims are based and will not be prejudiced in maintaining their defense on the merits, plaintiff should have been granted leave, *nunc pro tunc,* to serve his late notices of claim. The complaints are reinstated and the matter is remitted to Special Term for further proceedings, including a determination on plaintiff's application for consolidation of the two actions. Lazer, J. P., Mangano, Bracken and Niehoff, JJ., concur.