◼ In the Matter of the NYACK BOARD OF EDUCATION, Respondent, v K. CAPOLINO DESIGN AND RENOVATION, LTD., Appellant.—In a proceeding to permanently stay the arbitration of claims arising under a construction contract, K. Capolino Design and Renovation, Ltd. appeals from an order of the Supreme Court, Rockland County (Edelstein, J.), entered August 3, 1983, which granted the petitioner's application, and denied its cross motion, *inter alia,* for leave to serve a late notice of claim pursuant to Education Law § 3813 (2-a).

Order reversed, on the law, without costs or disbursements, proceeding dismissed and cross motion granted to the extent that appellant is granted leave to serve a late notice of claim upon the petitioner. The notice of claim served on or about January 24, 1983 is deemed timely.

The Nyack Board of Education sought to permanently stay the arbitration of various claims arising under a construction contract which it had entered into with K. Capolino Design and Renovation, Ltd. (hereinafter the contractor) on March 2, 1982. The application was based upon the alleged failure of the contractor to serve a timely notice of claim as required by Education Law § 3813 (1).

Special Term correctly determined that the notice of claim served upon the Board of Education on or about January 24, 1983 was untimely since it was received by it more than three months after the date when the contractor was notified by mail of the termination of the parties' contract. By that time, all of the contractor's damages were ascertainable, thus its claims had accrued (see, Matter of Board of Educ. [Wager Constr. Corp.], 37 NY2d 283; Acme Skillman Constr. Co. v Board of Educ., 106 AD2d 533; Almar Constr. Corp. v Hughes & Sons, 58 AD2d 615, appeal dismissed 42 NY2d 1009).

The contractor claimed that the Board of Education received a timely notice of claim through a letter dated December 10, 1982. It offered proof that the letter dated December 10, 1982, containing an itemized bill, was sent to the architectural firm which, under the terms of the contract, was to receive first notification of contract disputes. Although the contractor claimed that it also sent that letter to the Board of Education, it offered no proof of that mailing. Therefore, that part of the contractor's cross motion which sought to treat the December 10 letter as a timely notice of claim was properly denied since the contractor failed to establish that the letter was actually presented to the governing body of the school district (see, Parochial Bus Sys. v Board of Educ., 60 NY2d 539, 548).

However, Special Term erred in denying the contractor permission to serve a late notice of claim. Education Law § 3813 (2-a) does not require a showing of extraordinary circumstances for the granting of leave to serve a late notice of claim.

The record supports the contractor's contention that the petitioner had actual knowledge of the essential facts underlying the claim. Well before the expiration of the statutory three-month period, the parties, their attorneys, the architects and the contractor's surety exchanged correspondence and participated in discussions in an effort to resolve the dispute over progress payments and avoid termination of the contract. Furthermore, the Board of Education has not demonstrated that it will be prejudiced if the contractor is permitted to serve a late notice of claim and proceed to arbitration. Therefore, the contractor should have been granted leave to serve a late notice of claim (see, Quirk v Morrissey, 106 AD2d 498). Niehoff, J. P., Lawrence, Eiber and Kooper, JJ., concur.