■ GORDON DANA MADRIS REALTY, INC., Respondent, v EASTCHESTER UNION FREE SCHOOL DISTRICT, Appellant.—In an action to recover a real estate brokerage commission, the

defendant appeals from an order of the Supreme Court, Westchester County (Marbach, J.), entered June 21, 1985, which denied its motion to dismiss the complaint and granted the plaintiff's cross motion for leave to file a late notice of claim.

Ordered that the order is modified, by granting the plaintiff leave to serve and file an amended notice of claim containing a monetary demand and an explanation of its computation. As so modified, the order is affirmed, without costs or disbursements. The plaintiff shall serve its amended notice of claim within 20 days after service upon it of a copy of this decision and order, with notice of entry.

The plaintiff, a licensed real estate brokerage concern, asserts that in March 1984 it contacted the Superintendent of the Eastchester Union Free School District, Dr. Charles Murphy, and was given permission to make efforts to procure a tenant for a vacant school building. The plaintiff claims to have procured a tenant later that month.

Initially, we note that the plaintiff was required to file a notice of claim in this action (see, Education Law § 3813 [1]). The two letters that the plaintiff asserts constitute its timely notice of claim were sent to Dr. Murphy, not the Board of Education as they should have been, and they thus cannot serve as a notice of claim (see, Parochial Bus Sys. v Board of Educ., 60 NY2d 539, 548). Although the plaintiff did not timely file a notice of claim (see, Education Law § 3813 [1]), this court has held that a court's discretion to permit a claimant to file a late notice of claim under Education Law § 3813 (2-a) extends to contract actions (see, Matter of Nyack Bd. of Educ. v Capolino Design & Renovation, 114 AD2d 849, affd 68 NY2d 647). In this case, Special Term did not abuse its discretion by granting the plaintiff's cross motion to file a late notice of claim. Inasmuch as Dr. Murphy sits on the Board of Education, the defendant's actual knowledge of the essential facts which constitute the claim may reasonably be inferred. Nor has the defendant asserted that it would be prejudiced by the plaintiff's late filing of a notice of claim (see, Matter of Beary v City of Rye, 44 NY2d 398; Quirk v Morrissey, 106 AD2d 498).

Pursuant to Education Law § 3813 (2-b), the notice of claim must be served and the action commenced within one year of the date the action arose. The defendant contends that the plaintiff's service of the notice of claim was time barred because it was served in July 1985, over one year after the latest date the plaintiff's cause of action could have arisen, to

wit, in June 1984. However, as the plaintiff moved to serve a late notice of claim within the statutory time period *(see, Pierson v City of New York,* 56 NY2d 950), the time period in which it could serve the notice of claim was tolled during the pendency of the application and until Special Term's determination, and thus the plaintiff had until the end of July 1985 to serve its notice of claim.

The defendant further argues that the plaintiff's cause of action arose in March 1984 and is thus barred by the Statute of Limitations. Although the plaintiff claims to have procured the tenant in March 1984, viewing the facts in the light most favorable to the plaintiff, as we must on the defendant's motion to dismiss *(see, Rovello v Orofino Realty Co.,* 40 NY2d 633), we find no indication that all of the essential terms of the lease, including the date of closing, had been agreed upon *(see, Wykagyl Agency v Rothschild,* 100 AD2d 934). Even if an agreement had been reached, there is no evidence that the Board of Education accepted or ratified the brokerage agreement before the lease was signed during June 1984. Therefore, because this is a motion to dismiss, we cannot say that the plaintiff's cause of action accrued prior to June 1984. Thus, Special Term correctly denied the defendant's motion and granted the plaintiff's cross motion.

We note that the notice of claim filed by the plaintiff is defective as it does not present a monetary demand nor an explanation of how the monetary demand is computed *(see, Parochial Bus Sys. v Board of Educ.,* 60 NY2d 539, 547, *supra).* Mistakes or defects made in good faith, other than claims of irregularity in the time or manner of service of the notice of claim, can be corrected or disregarded in the discretion of the court provided that the party receiving the notice is not prejudiced thereby *(see, Gisondi v Town of Harrison,* 16 AD2d 929). Under the circumstances of this case, the plaintiff is directed to amend the notice of claim to include the aforesaid omissions. Weinstein, J. P., Rubin, Kooper and Sullivan, JJ., concur.