■ In the Matter of LEON BECKERMAN, Appellant, v BOARD OF EDUCATION OF THE COMSEWOGUE UNION FREE SCHOOL DISTRICT, Respondent. [636 NYS2d 860] —In a proceeding pursuant to Education Law § 3813 for leave to serve a late notice of claim, the petitioner appeals from an order of the Supreme

Court, Suffolk County (Underwood, J.), dated November 14, 1994, which dismissed the petition.

Ordered that the order is reversed, on the law, with costs, and the petition is granted.

The instant proceeding arose from an "improper practice charge" the petitioner filed with the State of New York Public Employment Relations Board. In its amended answer the respondent asserted that the petitioner had failed to serve a notice of claim pursuant to Education Law § 3813 (1).

Education Law § 3813 (1) provides that no action or special proceeding shall be maintained against a school district "unless it shall appear by and as an allegation in the complaint or necessary moving papers that a written verified claim upon which such action or special proceeding is founded was presented to the governing body of said district or school within three months after the accrual of such claim".

Although the petitioner failed to serve a notice of claim within three months after the claim accrued, we find that the Supreme Court improvidently exercised its discretion in denying the petitioner leave to serve a late notice of claim. The record reveals that the respondent was apprised of the facts constituting the petitioner's improper practice charge less than one month after the claim accrued. Moreover, the respondent has not demonstrated that it will be prejudiced by permitting the late notice of claim to be served. In addition, the petitioner's improper practice charge, dated September 13, 1993, was based upon the respondent's August 31, 1993, resolution. Thus, the improper practice charge was filed within the four month Statute of Limitations period set forth in 4 NYCRR 204.1 (a) (1) (*see also*, Education Law § 3813 [2-b]).

Under these circumstances, the petition should not have been dismissed and the petitioner's application for leave to serve a late notice of claim should have been granted (*see*, Education Law § 3813 [2-a]; *Matter of Nyack Bd. of Educ. v Capolino Design & Renovation*, 114 AD2d 849, *affd* 68 NY2d 647; *Quirk v Morrissey*, 106 AD2d 498). Santucci, J. P., Altman, Friedmann and Florio, JJ., concur.