■ In the Matter of THOMAS LUCAS et al., Appellants, v CITY OF NEW YORK, Respondent. — In a proceeding pursuant to subdivision 5 of section 50-e of the General Municipal Law for leave to serve a late notice of claim, petitioners appeal, as limited by their brief, from so much of an order of the Supreme Court, Queens County (Buschmann, J.), dated December 14, 1981, as upon granting renewal of their prior application for leave to serve a late notice of claim, adhered to its prior determination denying the application. Order reversed insofar as appealed from, on the law, without costs or disbursements, and petitioners' application to serve a late notice of claim granted. Initially, we reject respondent's arguments that petitioners abandoned their application and that the motion to renew should have been denied. Those arguments have no merit. Petitioner Thomas Lucas, a New York City police officer, was allegedly injured on September 15, 1980, while receiving motorcycle riding instructions from a police department instructor. He was taken to the hospital immediately and released the same day. A fellow police officer wrote up an accident report. On September 26, 1980, Lucas was examined by a police department doctor and was advised that his injuries were not serious. He was ordered to continue working, but the pain in his back persisted and he received periodic treatment at a number of different hospitals. The police department assumed responsibility for these medical expenses. As time passed and his pain persisted, Lucas went to a private physician and learned that he may have a serious disability. By that time, the 90-day statutory time period had expired. In April, 1981, approximately four months after the time limitation had run, Officer Lucas and his wife applied for leave to serve a late notice of claim. Special Term should have granted petitioners' application. The purpose of subdivision 5 of section 50-e of the General Municipal Law, as amended, is to allow the judiciary to be flexible, to consider all relevant factors, and to exercise considerable judicial discretion in determining whether to permit service of a late notice of claim (*Segreto v Town of Oyster Bay,* 66 AD2d 796; see, also, *Matter of Beary v City of Rye,* 44 NY2d 398). In particular, the court must consider "whether the public corporation * * * acquired actual knowledge of the essential facts constituting the claim within [90 days after it arose] or within a reasonable time thereafter" (General Municipal Law, § 50-e, subd 5). Also relevant is "whether the delay in serving the notice of claim substantially prejudiced the public corporation in maintaining its defense on the merits." In the case at bar, it is apparent that the city acquired actual knowledge of all the facts relevant to the petitioners' claim by virtue of the police department's accident report (see *Matter of Somma v City of New York,* 81 AD2d 889). Moreover, the city has failed to show that it has been prejudiced by the petitioners' delay in serving a formal notice of claim. In view of our determination on those two critical factors, it is unnecessary to address the additional factors presented in petitioners' brief. Gibbons, J. P., O'Connor, Rubin and Boyers, JJ., concur.