In the Matter of PETER CICIO, Respondent, v CITY OF NEW YORK et al., Appellants.

Second Department, December 19, 1983

APPEARANCES OF COUNSEL

*Frederick A.O. Schwarz, Jr.,* Corporation Counsel (*Francis F. Caputo* and *Trudi Mara Schleifer* of counsel), for appellants.

*Lipsig, Sullivan & Liapakis, P. C.* (*Pamela Anagnos Liapakis* and *Elise Hagouel Langsam* of counsel), for respondent.

OPINION OF THE COURT

*Per Curiam.*

The City of New York appeals from an order which granted petitioner's application for leave to serve a late notice of claim. We affirm the order and, because of the city's failure to discuss, or even cite, several controlling authorities adverse to its position, we utilize the opportunity to remind the Bar of "its professional obligations in

the delicate and difficult process of molding the law of the state insofar as it is embodied in the decisions of the appellate courts to the needs of the time" (*Matter of Greenberg,* 15 NJ 132, 138; see, also, *Slater v Gallman,* 38 NY2d 1, 4).

The salient facts are straightforward. On January 12, 1982, petitioner, a Department of Sanitation employee, was severely injured in the line of duty and was thereafter hospitalized for several weeks. On the date of the accident, an incident report was filed by a co-worker and the area supervisors were notified and visited petitioner in the hospital. Petitioner retained an attorney, who, due to "inadvertance", served the notice of claim one day late. Special Term granted an application, made almost immediately, pursuant to subdivision 5 of section 50-e of the General Municipal Law, for leave to serve a late notice of claim.

On this appeal, the city does not claim prejudice or lack of due diligence. Instead, it contends that Special Term lacked discretion because the delay was not excusable and that notice to the Sanitation Department should not be equated with actual knowledge possessed by the city.

In a series of cases, this court has emphatically rejected such arguments, holding that the statutory amendments to subdivision 5 of section 50-e of the General Municipal Law are to be liberally construed and that the absence of an acceptable excuse is not necessarily fatal. Rather, all relevant factors are to be considered, including the prejudice to the municipality and whether it obtained actual knowledge within the 90-day statutory period or shortly thereafter (*Weinzel v County of Suffolk,* 92 AD2d 545; *Matter of Lucas v City of New York,* 91 AD2d 637; *Matter of Somma v City of New York,* 81 AD2d 889; *Segreto v Town of Oyster Bay,* 66 AD2d 796; *Hubbard v County of Suffolk,* 65 AD2d 567; see, also, *Monge v City of New York Dept. of Social Servs.,* 95 AD2d 848; *Flynn v City of Long Beach,* 94 AD2d 713; *Williams v New York City Health & Hosps. Corp.,* 93 AD2d 885; *Ansaldo v City of New York,* 92 AD2d 557; 33 Syracuse L Rev 31, 47-48). In addition, we have also held that the filing of an accident report imports actual knowl-

edge to the city (*Matter of Lucas v City of New York, supra; Matter of Somma v City of New York, supra*).

◼ Measured by the criteria set forth in these cases, it is evident that an affirmance is called for. The delay was minimal. The city neither suffered nor claims prejudice and obtained actual knowledge within the 90-day period through the filing of the accident report. Indeed, *Matter of Somma v City of New York* (*supra*), also involving a sanitation worker, is precisely on point.

None of these cases are cited in the city's brief submitted to this court. This is most disturbing and clearly inexcusable because the city was a party in both *Somma* and *Lucas* (*supra*). Had even a modicum of thought and research been given to this case, it would have been self-evident to the city that its position was untenable and this court and the taxpayers would have been spared the costs of a frivolous appeal (cf. *Beetz v City of New York,* 73 AD2d 925, 926).

◼ The function of an appellate brief is to assist, not mislead, the court. Counsel have an affirmative obligation to advise the court of adverse authorities, though they are free to urge their reconsideration (see Code of Professional Responsibility, DR 7-106 [B] [1]; EC 7-23; see, also, Thode, The Ethical Standard for the Advocate, 39 Texas L Rev 575, 585-586; Uviller, Zeal and Frivolity: The Ethical Duty of the Appellate Advocate to Tell the Truth About the Law, 6 Hofstra L Rev 729). "The process of deciding cases on appeal involves the joint efforts of counsel and the court. It is only when each branch of the profession performs its function properly that justice can be administered to the satisfaction of both the litigants and society and a body of decisions developed that will be a credit to the bar, the courts and the state" (*Matter of Greenberg,* 15 NJ 132, 137-138, *supra*).

We trust that this case will serve as a warning that counsel are expected to live up to the full measure of their professional obligation (cf. *Slater v Gallman,* 38 NY2d 1, *supra*).

Accordingly, the order appealed from should be affirmed, with costs.

Titone, J. P., Thompson, Bracken and Rubin, JJ., concur.

Order of the Supreme Court, Richmond County, dated May 26, 1982, affirmed, with costs.