■ MARTHA RODRIGUEZ, Appellant, v COUNTY OF NASSAU, Respondent.—In an action to recover damages for personal injuries, the plaintiff appeals from (1) so much of an order of the Supreme Court, Nassau County (Morrison, J.), dated August 29, 1985, as denied her motion for leave to serve a late notice of claim, and (2) so much of an order of the same court, dated October 30, 1985, as, upon renewal, adhered to the original determination.

Ordered that the appeal from the order dated August 29, 1985 is dismissed, without costs or disbursements, as that order was superseded by the order dated October 30, 1985, and it is further,

Ordered that the order dated October 30, 1985 is reversed, insofar as appealed from, without costs or disbursements, and, upon renewal, the order dated August 29, 1985 is vacated, the application for leave to serve a late notice of claim is granted, and the plaintiff's notice of claim attached to her moving papers is deemed served.

The plaintiff's failure to offer an acceptable excuse for her failure to timely serve a notice of claim is not fatal to her application for leave to serve a late notice *(see, Matter of Cicio*

*v City of New York,* 98 AD2d 38, 39). Rather, all relevant factors are to be considered, in particular, whether the county acquired actual knowledge of the essential facts constituting the claim (General Municipal Law § 50-e [5]).

The plaintiff's alleged injuries occurred while she was an inmate at the Nassau County Correctional Center and she was treated at the Nassau County Medical Center. Under these circumstances, it would appear that the defendant county had acquired actual knowledge of the essential facts constituting the claim *(see, Matter of Wade v City of New York,* 65 AD2d 534). Moreover, there is no indication that the county has been substantially prejudiced by the plaintiff's delay *(see, Quirk v Morrissey,* 106 AD2d 498).

Based on an evaluation of all relevant factors, leave to serve a late notice of claim should have been granted. Thompson, J. P., Niehoff, Kunzeman and Sullivan, JJ., concur.