(January 13, 1987)

■ In the Matter of ALFRED DE MODNA, Appellant, v CITY OF NEW YORK, Respondent.—Order of the Supreme Court, New York County (Irving Kirschenbaum, J.), entered on or about November 25, 1985, which, upon renewal, denied petitioner Alfred De Modna's motion for leave to serve a late notice of claim pursuant to General Municipal Law § 50-e (5), unanimously reversed on the law and the facts and in the exercise of sound discretion, and the motion is granted, without costs.

The appeal from the order of the same court entered August 1, 1985 is dismissed as subsumed in the appeal from the foregoing order, without costs.

Petitioner was allegedly injured when, on September 11, 1984, while acting in his capacity as a police officer, he fell while pursuing a suspected prostitute onto a vacant, debris and rubble-strewn lot said to be owned by the City of New York.

Although petitioner did not serve a notice of claim upon the city within the allotted 90-day period (see, General Municipal Law § 50-e [1]), the record discloses that police reports filed in connection with the incident afforded the city actual notice of the essential facts concerning the claim within the notice period. (See, Matter of Gerzel v City of New York, 117 AD2d 549, 549-551 [1st Dept 1986]; Matter of Cicio v City of New York, 98 AD2d 38 [2d Dept 1983]; Matter of Lucas v City of New York, 91 AD2d 637 [2d Dept 1982]; Matter of Somma v City of New York, 81 AD2d 889 [2d Dept 1981]; see also, Caselli v City of New York, 105 AD2d 251, 256 [2d Dept 1984].) Moreover, petitioner's leg injury, which it appears was sufficiently disabling to require his retirement from the police force, may well have been immobilizing and the source of considerable physical and mental distress. Under these circumstances, it is understandable that petitioner would be temporarily distracted from prompt attention to the legal prerequisites to commencing an action against the city. In any case, since the delay involved was not unreasonable (see, Heiman v City of New York, 85 AD2d 25 [1st Dept 1982]), and the city has made no showing of substantial prejudice, peti-

tioner should not be foreclosed from litigating his claim on the merits, and the instant motion for leave to serve a late notice of claim should, therefore, be granted. Concur—Murphy, P. J., Sullivan, Asch and Wallach, JJ.