■ In the Matter of EUGENE BUONO et al., Appellants, v CITY OF NEW YORK, Respondent.—In a proceeding pursuant to General Municipal Law § 50-e for leave to serve a late notice of claim, the petitioners appeal from an order of the Supreme Court, Kings County (Spodek, J.), dated August 28, 1986, which denied their application.

Ordered that the order is reversed, as a matter of discretion, without costs or disbursements, and the application is granted.

On April 12, 1985, the petitioner Eugene Buono, who was then a New York City police officer, was bitten by a police horse which he was attempting to restrain. By order to show cause dated June 12, 1986, the petitioners sought leave to serve a late notice of claim pursuant to General Municipal Law § 50-e as a precondition to suing the City of New York, which application was denied. We reverse.

The city was provided with actual notice of the accident by virtue of a "line of duty injury report" as well as other incident reports which were filed shortly after the occurrence. These reports should have afforded the city "actual knowledge of the essential facts constituting the claim" (see, General Municipal Law § 50-e [5]; Matter of De Modna v City of New York, 126 AD2d 435; Matter of Lucas v City of New York, 91 AD2d 637). While the various accident reports do not specify that the horse in question was known to have vicious propensities, the information contained in the reports was nonetheless sufficient to alert the city to its potential liability. Furthermore, the city has completely failed to demonstrate that any prejudice resulted from the petitioners' failure to serve a notice of claim within the prescribed 90-day period.

In view of the foregoing, we find, as a matter of discretion, that the petitioners' application should have been granted. Although the excuse tendered by Mr. Buono for his failure to serve a notice of claim within the prescribed time is tenuous, this factor alone does not warrant denial of the instant application (see, Rodriguez v County of Nassau, 126 AD2d 536; Matter of Cicio v City of New York, 98 AD2d 38, 39; Matter of Somma v City of New York, 81 AD2d 889). Mangano, J. P., Bracken, Brown and Niehoff, JJ., concur.