■ In the Matter of WALTER ZBRYSKI, Appellant, v CITY OF NEW YORK, Respondent.—In a proceeding pursuant to General Municipal Law § 50-e (5) for leave to serve a late notice of claim, the petitioner appeals from (1) an order of the Supreme Court, Kings County (Spodek, J.), dated June 30, 1987, which denied his application "without prejudice to a forthwith renewal" on papers detailing his medical condition in the months following his injury and (2) an order of the same court dated November 12, 1987, which denied his motion for leave

to renew and reargue the previous application, without prejudice to renewal upon papers including a medical affidavit detailing the petitioner's condition.

Ordered that the orders are affirmed, with one bill of costs.

The petitioner, a New York City fireman, was inspecting some buildings on St. John's Place in Brooklyn, on June 4, 1986, when he fell on a broken step while descending the outside steps of a vacant building. In March of 1987 the petitioner sought leave to file a late notice of claim pursuant to General Municipal Law § 50-e (5). The Supreme Court denied his application "without prejudice to a forthwith renewal on papers further detailing petitioner's medical condition in the months following his injury as it might affect petitioner's ability to file a timely notice of claim". When the petitioner moved, *inter alia,* for leave to renew, the Supreme Court again denied relief without prejudice to renewal upon papers including a medical affidavit detailing the petitioner's condition.

Both the respondent City of New York and the Supreme Court misapprehended the petitioner's excuse for failure to timely serve a notice of claim. The petitioner does not ascribe his delay to immobility caused by physical injury or pain or mental distress. Quite the contrary, he claims that it was the perceived absence of any permanent damage or disability which initially caused him to forego seeking legal advice until he was advised, months after the accident, that his condition might be serious enough to end his career as a fireman. Although we have some doubt as to the acceptability of the petitioner's explanation, we note that the absence of a reasonable excuse for untimely filing alone is not fatal to his application *(Rodriguez v County of Nassau,* 126 AD2d 536). Rather, we are particularly concerned with whether the City timely acquired actual knowledge of the essential facts constituting the claim (General Municipal Law § 50-e [5]).

The petitioner correctly argues that where, as here, a municipal employee is injured in the course of his employment, the filing of an accident report such as the Fire Department's report of injury to member, containing the essential facts constituting the claim, will be held to impart actual knowledge to the city *(Caselli v City of New York,* 105 AD2d 251, 256; *Matter of Cicio v City of New York,* 98 AD2d 38). However, we agree with the Supreme Court that the city cannot be deemed to have acquired knowledge of the essential facts of the claim where, as here, the accident report failed to

indicate that the owner of the vacant premises on which the petitioner was injured was the city itself. Indeed, it seems clear from the petitioner's own departmental daily field inspection report that he did not learn the building was owned by the city until sometime after he submitted his report. While the facts underlying the accident were thus timely available to the city, the absence of any indicated connection between the accident and the city, much less an actual claim that the city was responsible for the petitioner's injury, would belie any perceived need for an investigation in the first place (see, Fox v City of New York, 91 AD2d 624; cf., Matter of De Modna v City of New York, 126 AD2d 435).

Since neither the Fire Department report of injury to member nor the records of the Department's Medical Office provided the city with timely actual knowledge of the claim of negligence against the city, and no other contemporaneous records, reports or photographs are proffered by the petitioner to ameliorate the prejudice resulting to the city by the delay in filing of a notice of claim, the petitioner was properly denied the relief he sought. Thompson, J. P., Kunzeman, Spatt and Balletta, JJ., concur.