■ In the Matter of SHANNO NAYYAR et al., Appellants, v BOARD OF EDUCATION OF THE CITY OF NEW YORK, Respondent. —Order, Supreme Court, Bronx County (Herbert Shapiro, J.), dated December 19, 1989, which denied claimants' motion to serve a late notice of claim, unanimously reversed, on the law, the facts and in the exercise of discretion, and the motion is granted, without costs.

Claimant Shanno Nayyar, a schoolteacher, was injured in a classroom when a shelf containing school supplies fell on her head, neck and shoulders. On the day of the accident, claimant filed a "Comprehensive Accident Report" which was received and signed by the school's principal.

Due to her injuries, claimant was absent from her job from January 19, 1989 through February 17, 1989 when school recessed. At the request of the Board of Education, claimant signed an assignment form on February 27, 1989 whereby in consideration of claimant's excused absences, the Board retained a lien in the event of a settlement or judgment occasioned by any suit brought for injuries incurred as a result of the accident. Claimant was examined by respondent's physicians once a month from March through September of 1989 and was found unfit to work on each occasion. Claimant's personal physicians did not discover that she had suffered a disc herniation until magnetic resonance imaging (MRI) revealed the condition on March 22, 1989. In August of 1989, claimant consulted with counsel with regard to initiating this lawsuit. Claimant's motion for permission to serve a late notice of claim dated October 24, 1989 was denied by the Supreme Court.

We agree with claimant that it was an improvident exercise of discretion to deny her application to serve a late notice of claim pursuant to General Municipal Law § 50-e (5) and Education Law § 3813 (1). The Board of Education was provided with the essential facts concerning the claim within the notice period as evidenced by the Comprehensive Accident Report, the assignment form filled out by claimant, and the reports of respondent's physicians *(Matter of De Modna v City of New York,* 126 AD2d 435, *lv denied* 70 NY2d 609). The record reveals that respondent was afforded sufficient notice of claimant's claim and that respondent would not be substantially prejudiced by permitting claimant to file a late notice. *(Swensen v City of New York,* 126 AD2d 499, *lv denied* 70 NY2d 602; *Matter of Gerzel v City of New York,* 117 AD2d 549.)

Considering the other relevant factors contained in section 50-e, we note that while claimant's claim of ignorance of the 90-day requirement is not a valid excuse for the delay in serving notice, claimant also alleged that she did not become aware of the seriousness of her injuries until after the expiration of the 90-day period when she learned that the diagnosis consisted of two herniated discs and that conservative medical treatment would not alleviate the condition.

Counsel's delay in serving notice after consulting with claimant is somewhat more troublesome. However, the presence or absence of any one factor under section 50-e is not necessarily determinative *(Matter of Gerzel v City of New York, supra).* Given the existence of actual notice, respondent's failure to show substantial prejudice by the late notice, claimant's excuse for the delay and the relatively minor delay in serving notice, the Supreme Court improvidently exercised its discretion in denying claimant an opportunity to have her claim adjudicated on the merits *(Swensen v City of New York, supra; Matter of De Modna v City of New York, supra; Matter of Gerzel v City of New York, supra).* Concur—Kupferman, J. P., Ross, Rosenberger, Asch and Wallach, JJ.