■ In the Matter of MARY A. McADAMS, Respondent, v POLICE DEPARTMENT OF THE TOWN OF CLARKSTOWN et al., Appellants.—Levine, J. Appeal (transferred to this court by order of the Appellate Division, Second Department) from an order of the Supreme Court (Weiner, J.), entered March 30,

1990 in Rockland County, which granted petitioner's application pursuant to General Municipal Law § 50-e (5) for leave to serve a late notice of claim.

On November 16, 1988, petitioner was injured when a vehicle being driven by her husband, in which she was riding as a passenger, was involved in an accident in Rockland County with a vehicle owned by respondent Police Department of the Town of Clarkstown and operated by respondent Michael Sullivan, a member of the Department. On or about November 16, 1989, approximately three months prior to the expiration of the one year and 90-day Statute of Limitations (see, General Municipal Law § 50-i [1]), petitioner moved for leave to serve a late notice of claim pursuant to General Municipal Law § 50-e (5). Supreme Court granted the motion and this appeal by respondents ensued.

We affirm. One of the principal factors to be considered in determining whether leave to file a late notice of claim should be granted is "whether the public corporation or its attorney or its insurance carrier acquired actual knowledge of the essential facts constituting the claim within [90 days after the claim arose] or within a reasonable time thereafter" (General Municipal Law § 50-e [5]). Here, the record establishes that the Department's vehicle was damaged in the accident and towed from the scene to the garage of respondent Town of Clarkstown, that all three individuals involved were injured and taken from the scene by ambulance, and that a police accident report was prepared and police photographs taken. Additionally, it appears from a supporting deposition given in connection with a subsequent prosecution against petitioner's husband for his alleged violation of Vehicle and Traffic Law § 1142 (a) that the Department conducted an investigation of the accident well within 90 days of its occurrence. In view of the foregoing and the fact that the Department's employee was directly involved in the collision, we find that actual knowledge of the facts constituting petitioner's claim may be imputed to respondents (see, Goodall v City of New York, 179 AD2d 481; Matter of Gerzel v City of New York, 117 AD2d 549, 550-551; Flynn v City of Long Beach, 94 AD2d 713, 714; Matter of Matey v Bethlehem Cent. School Dist., 63 AD2d 807). We are unpersuaded by respondents' contention that, because the police accident report attributed the cause of the accident to the failure by petitioner's husband "to yield right of way", they had no actual notice of petitioner's claim. The circumstances surrounding the accident were sufficient to alert respondents to potential liability.

With regard to the other relevant factors to be considered under General Municipal Law § 50-e (5), there is nothing in the record to indicate that the delay in the filing of the notice of claim has prejudiced respondents in their defense of the action on the merits *(see, Matter of Krohn v Berne-Knox-Westerlo Cent. School Dist.,* 168 AD2d 826). Finally, although petitioner's explanation for her delay in serving a notice of claim is weak, the absence of a reasonable excuse is not determinative *(see, Matter of Buono v City of New York,* 133 AD2d 685, 686; *Matter of Gerzel v City of New York, supra,* at 551; *Matter of Cicio v City of New York,* 98 AD2d 38, 39). Accordingly, we conclude that Supreme Court properly exercised its discretion in granting petitioner's motion for leave to file a late notice of claim.

Mikoll, J. P., Yesawich Jr., Mercure and Harvey, JJ., concur. Ordered that the order is affirmed, with costs.