■ GERARDO JUSTINIANO, Respondent, v NEW YORK CITY HOUSING AUTHORITY POLICE, Appellant. [595 NYS2d 6] —Order, Supreme Court, Bronx County (Bertram Katz, J.), entered December 26, 1991, which upon renewal, granted plaintiff's motion for leave to serve a late notice of claim, and denied defendant's motion to dismiss the complaint for failure to timely serve a notice of claim, unanimously affirmed, without costs.

Plaintiff claims that on or about January 24, 1990 he was riding a motor bike when he was struck by a Housing Authority police car, sustaining multiple fractures of his left leg; that immediately thereafter, the Housing Authority police exited their vehicle, and proceeded to kick and beat him about the head, back, body and limbs; that he was taken to Lincoln Hospital where x-rays revealed the fractures; that the officers refused to allow him to be admitted to the hospital and refused to follow the physician's instructions to obtain a prescription for pain; and that he was arraigned on various charges, including reckless endangerment, reckless driving and driving under the influence of drugs, which were subsequently dismissed in or around March of 1990. Plaintiff served a notice of claim upon the City of New York in February 1990, and first sought to correct that error by moving to serve a late notice of claim against the Housing Authority in January 1991.

Contrary to defendant's argument, the absence of an acceptable excuse for the delay is not necessarily fatal to a motion for leave to serve a late notice of claim *(Matter of Reisse v County of Nassau* 141 AD2d 649, 651). Rather, all relevant factors are to be considered, in particular, whether defendant acquired actual knowledge of the essential facts constituting the claim within the 90-day statutory period or shortly thereafter *(supra; Rodriguez v County of Nassau,* 126 AD2d 536, 537). Where, as here, the claim is for false imprisonment and

malicious prosecution, such knowledge may be imputed to the municipality through the officers in its employ who made the arrest or initiated the prosecution (see, e.g., Matter of Reisse v County of Nassau, supra; Montalto v Town of Harrison, 151 AD2d 652, 653). We have considered defendant's argument that plaintiff's motion to renew should have been denied and find it to be without merit. Concur—Sullivan, J. P., Milonas, Asch and Rubin, JJ.