OPINION OF THE COURT
Stanley L. Sklar, J.
Petitioner’s application for leave to file a late notice of claim is to be resolved by the trial court, since the issue of whether respondent timely received notice of the facts underlying petitioner’s claims is dependent upon when she discovered or reasonably should have discovered her injuries and therefore upon when her claims accrued, and since the date of accrual of her claims is a mixed question of law and fact which cannot be resolved on this record.
Petitioner Carmen Mesa, who was employed by Pritchard Industries, began working at the United Nations in 1988 in her capacity as a "maintenance/cleaning person.” She asserts that she worked on a floor — evidently the fifth floor (cf, notice of claim which alleges that she worked on the fifth and sixth floors) — which in 1990 "suffered from leaks of chemicals and vapors.” In December 1990 she began to develop a cough and had difficulty breathing so she consulted Dr. Hector Becil in *364 that month who advised her that she had a cold or the flu. Later that month when her symptoms did not improve Ms. Mesa returned to Dr. Becil who told her that her problems were attributable to either "the weather or chemicals” with which she came in contact during her employment.
On October 24 and 25, 1991 a large scale spill of chemicals used to develop photographs occurred at the publications division offices on the sixth floor of One UN Plaza. The chemicals soaked through to the fifth floor and UN workers were evacuated from the entire floor the next day. The incident was reported in the New York Post on October 30, 1991. The Post article indicated that Nicholas Sardegna, Chief, BMS (Buildings-Management Services), attributed the spill to a break in the sump pump used to pump chemicals to a storage tank. According to the article the spill caused headaches, dizziness, lethargy and nausea in workers, who complained to the Post that they had been subject to the same fumes, although in lower doses, every day and that they had been trying to get management to correct the problem "for years,” which problem was allegedly exacerbated by the fact that the building’s windows could not be opened.
Ms. Mesa asserts that following this spill she "became seriously ill and was diagnosed as having chemical bronchitis and asthma, and was compelled to stop working altogether on November 11, 1991.” Ms. Mesa received workers’ compensation payments from November 11, 1991 through at least January 24, 1992. Ms. Mesa asserts that she considered her injury to have occurred as a result of her exposure to the chemicals which were spilled on October 24 and 25, 1991. (Cf, Mesa’s notice of claim which alleges that her injuries resulted from improper ventilation, the use of caustic chemicals, permitting such chemicals to be in Mesa’s work area, and from allowing such chemicals to spill and be carried into the air of Mesa’s work space.)
Ms. Mesa, who now seeks leave to serve a late notice of claim, asserts that she did not file her notice of claim within 90 days of accrual of her cause of action because she did not speak or read English and because until consulting an attorney she was unaware of the law pertaining to the filing of a notice of claim. She asserts however that the respondent, United Nations Development Corporation (UNDO, had timely notice of the facts giving rise to her claim and will therefore not be prejudiced by a late filing. Ms. Mesa alleges and UNDO does not dispute that UNDC, during the time in issue, was the *365 lessee of the building. Mesa further alleges that during the relevant period UNDC operated, managed and controlled the building.
In support of her claim that UNDC had timely notice of the facts, Mesa appends a copy of the Post article and also a "Requisition For Services” dated October 1, 1991 printed on UN letterhead from a Pamela Zapata on behalf of the Publication Services and directed to Nicholas Sardegna, Chief, BMS. The requisition, which was copied to a Dr. Oleinikov and a Mr. W. Lipscombe, indicates that it was the third time in the last three years that "this office” has attempted "to bring to the attention of the proper authorities” an unhealthy condition on the fifth floor caused by fumes from numerous pieces of printing equipment and chemical processing units which condition has caused the staff to experience "serious medical symptoms.” The "requisition” asked BMS to provide a ventilated processing area so that the health of the staff on the fifth floor would not be jeopardized. The requisition stated that "literature on the chronic health effects of the chemicals being used” was attached.
The requisition also attached a petition from Pamela Zapata, "Alternate Staff Representative 35th Staff Council”, to the United Nations Medical Service care of Dr. Oleinikov. The petition, which was copied to the "Staff Committee” and was signed by more than 30 people working on the fifth floor, requested immediate action in contracting with a professional to study the air quality on the fifth floor since the undersigned had on a daily basis experienced, inter alla, dizziness, nausea, rashes, lethargy, chills and burning, swollen eyes. The undersigned also stated that it was incumbent on the "Organization” to protect their health and thus recommended the installation of a ventilation system in the area where the machinery and chemicals were placed, and that the chemicals be removed from the floor. The requisition indicated that Dr. Oleinikov, evidently after receiving the petition dated September 12, 1991, visited the area on September 13.
UNDC in response asserts that Ms. Mesa’s inability to read or understand English and her ignorance of the notice of claim requirements do not constitute a reasonable excuse for her failure to timely file a notice of claim which, at the latest, assuming her injury was the chemical bronchitis and asthma, should have been filed within 90 days of the discovery of the "injury” allegedly caused by the chemical spill which occurred in October 1991. UNDC notes that, assuming arguendo Ms. *366 Mesa’s claims accrued on discovery of that "injury” while the one-year and 90-day Statute of Limitations had not expired before this proceeding was commenced on August 5, 1992, Ms. Mesa has failed to establish that UNDC had acquired actual knowledge of the facts giving rise to her claims within 90 days of accrual of her claims or within a reasonable time thereafter. I note that UNDC does not affirmatively assert that it lacked actual knowledge of the facts or that it would in any way be prejudiced if plaintiff were permitted to file a late notice of claim. Instead, UNDC’s counsel, who has no personal knowledge, alleges on "information and belief’ that BMS, the entity named in the requisition for services, "is not the same entity nor is it associated with the UNDC.” UNDC’s counsel does not reveal whether Publication Services, Pamela Zapata, any of the persons who signed the petition to the UN Medical Services, the UN Medical Services, Dr. Oleinikov, the Staff Committee, or Mr. W. Lipscombe are associated with, employed by or are agents of UNDC. UNDC’s counsel further asserts that the fact that the New York Post published an article indicating, inter alla, that UN workers were evacuated from a building — which UNDC fails to dispute that it leased— does not mean that it had notice of the chemical spill.
UNDC further claims that it is unclear from the record presented the date when petitioner discovered or should have discovered her injury, and thus when her claims accrued, since some of her symptoms started to appear in December 1990. Therefore, UNDC asserts that Ms. Mesa’s claims may be time barred and, if they are, she is not entitled to file a late notice of claim (see, General Municipal Law § 50-e [5]).
DISCUSSION
McKinney’s Unconsolidated Laws of NY § 9610-j (L 1990, ch 804, § 125) provides that actions against the UNDC "founded on tort shall not be commenced more than one year and ninety days after the cause of action therefor shall have accrued, nor unless a notice of claim shall have been served on the corporation within the time limited by, and in compliance with all the requirements of fifty-e of the general municipal law.” Section 9610-j applies to actions accruing on or after August 24, 1990 (L 1990, ch 804, § 126). Chapter 804 of the Laws of 1990 provides a year and 90-day Statute of Limitations for those public benefit corporations which previously had no statute governing nonwrongful death actions. (Mem of *367 Sen Daly in support of L 1990, eh 804, 1990 NY Legis Ann, at 389.)
Under CPLR 214-c (3) for purposes of General Municipal Law § 50-e, a claim for personal injury caused by the latent effect of exposure to substances is deemed to have accrued "on the date of discovery of the injury by the plaintiff or on the date when through the exercise of reasonable diligence the injury should have been discovered, whichever is earlier.” Thus, whether Ms. Mesa discovered or should have discovered her injury in December 1990 when she began coughing and having difficulty breathing or after the spill in October 1991 when she developed chemical bronchitis and asthma, her claims are governed by the year and 90-day Statute of Limitations set forth in McKinney’s Unconsolidated Laws of NY § 9610-j. The timeliness of Ms. Mesa’s claims turns on when she discovered or reasonably should have discovered her "injury.” The commentators have suggested that the term "injury” under CPLR 214-c should not be construed to mean any symptom however trivial because such an interpretation would undermine the salutary purposes of CPLR 214-c which deems accrual of a plaintiff’s claims on the discovery of the injury rather than on the plaintiff’s exposure to the substance. (See, McLaughlin, Practice Commentaries, McKinney’s Cons Laws of NY, Book 7B, CPLR C214-c:2, at 633; Rheingold and McGowan, Statutes of Limitations In New York Toxic Tort Cases, NYLJ, July 13, 1990, at 1, col 1.) It has therefore been suggested that the action accrues "only when the person realizes that he or she has a significant injury, affecting his or her health.” (Rheingold and McGowan, op. cit., at 1, col 2.) The issue of when someone should have discovered their injury is generally a mixed question of fact and law which should be left to the trier of fact. (Glod v Morrill Press, 168 AD2d 954, 955-956 [4th Dept 1990].)
In the instant case it cannot be said as a matter of law when Ms. Mesa discovered or should have discovered her "injury.” It is not even entirely clear whether the symptoms she suffered as a result of poor ventilation of the work space constituted an "injury” distinct from the chemical bronchitis and asthma she developed after the spill. (See, e.g., Fusaro v Porter-Hayden Co., 145 Misc 2d 911 [Sup Ct, NY County 1989], affd 170 AD2d 239 [1st Dept 1991].) Thus the issue of whether all or part of her claims are time barred cannot be resolved on the papers presented and must be resolved by the trier of fact.
UNDC claims that even if the Statute of Limitations has *368 not expired, leave to file a late notice of claim must nonetheless be denied because Ms. Mesa has failed to offer a reasonable excuse for her failure to timely file a notice of claim and because she has failed to establish that UNDC had timely notice of the facts giving rise to her claim (Washington v City of New York, 72 NY2d 881 [1988]).
While the excuses offered by Ms. Mesa, namely that she does not speak or understand English and was unaware of the notice of claim requirements are inadequate (Figueroa v City of New York, 92 AD2d 908 [2d Dept 1983]), the absence of a reasonable excuse is not necessarily fatal (Justiniano v New York City Hous. Auth. Police, 191 AD2d 252 [1st Dept, Mar. 11, 1993]; Matter of Gerzel v City of New York, 117 AD2d 549 [1st Dept 1986]; Matter of Zbryski v City of New York, 147 AD2d 705 [2d Dept 1989]; Rodriguez v County of Nassau, 126 AD2d 536 [2d Dept 1987]; Rechenberger v Nassau County Med. Ctr., 112 AD2d 150 [2d Dept 1985]). Instead, all relevant factors are to be considered including whether the UNDC will suffer any prejudice and whether it acquired actual knowledge of the facts underlying Ms. Mesa’s claims. (General Municipal Law § 50-e [5].)
In the instant case UNDC’s attorney, who is without personal knowledge, unfurls the banner of prejudice without any evidentiary support that UNDC will in fact suffer prejudice if Ms. Mesa is allowed to file a late notice of claim. UNDC’s counsel also asserts that Ms. Mesa has failed to establish that UNDC had actual knowledge of the facts giving rise to her claim within 90 days of accrual of her claim or within a reasonable time thereafter. UNDC’s counsel’s assertion that UNDC did not have timely notice of the chemical spill which occurred in October 1991 is without merit. UNDC does not deny Ms. Mesa’s claim that it was the lessee of the premises, nor does it oppose this application on the ground that it is an improper party to this proceeding. UNDC’s counsel’s assertion that the coverage of this event by the New York Post (including the reporting of the fact of the spill, the evacuation of the premises, the deleterious effects of the spill’s fumes on the workers’ health, the fact that the workers were exposed to such noxious fumes for years and that their efforts to have management cure the problem which was compounded by a lack of ventilation had proved futile) does not equate with actual knowledge of the facts reported in the article is as a matter of law incredible and raises no issue of fact as to UNDC’s alleged lack of knowledge. Indeed, no affidavit is *369 presented by UNDO asserting that it lacked knowledge of the Post’s article much less that its building was partially evacuated. Thus, if a jury were to find that Ms. Mesa’s "injury” resulted from the spill in October 1991 it could not be said that UNDO lacked timely knowledge of the facts underlying such claim, which facts were reported in a major New York newspaper several days after the spill.
A jury, nonetheless, might find that Ms. Mesa’s injury occurred before the spill as a result of a lack of proper ventilation on the fifth floor where the various equipment and chemicals were located. Thus, assuming a jury would find that such injury occurred less than a year and 90 days before this proceeding was commenced, the issue is did UNDO have actual knowledge of the facts giving rise to that claim within 90 days of discovery of that injury or within a reasonable time thereafter? The answer to that question cannot be answered at this point in the litigation or on the record presented.
First, it is not known when plaintiff will be considered to have discovered her injury or when she should have discovered her injury. Indeed, as noted above, it is not entirely clear whether Ms. Mesa has suffered more than one injury, one as a result of improper ventilation and the other as a result of the spill. Second, while the requisition for services and appended petition to the UN Medical Services suggest that UNDO had actual notice of the facts in September-October 1991 and possibly as early as three years before, the record presented is not free from doubt as to whether UNDO received or was aware of those documents or when such documents were received. While there is no admissible evidence by one with firsthand knowledge denying that UNDO had actual knowledge, it is not clear whether the entities and individuals listed in those documents are related in any way to UNDO. Also, while those records and the Post article refer to complaints in the past to management and to "the proper authorities,” it is not clear when these complaints were made or to whom they were made.
In light of UNDC’s failure to be forthcoming on the issue of its knowledge of the facts, Ms. Mesa should be afforded discovery on such issues. (See, CPLR 408.) Nonetheless, even if Ms. Mesa discovers that UNDC had prior actual knowledge from sources other than the Post article, of workers having medical problems from constant exposure to chemical fumes, which problems were exacerbated by the lack of proper ventilation, the issue of whether UNDC had knowledge of those *370 facts within 90 days of accrual of Ms. Mesa’s claims or a reasonable time thereafter cannot be determined until a jury decides when Ms. Mesa’s claims accrued.
Since the issue of whether UNDO timely received notice of the facts underlying Ms. Mesa’s claims is inextricably intertwined with the determination of when her claims accrued, which latter issue must be resolved by the trier of the facts, resolution of this application for leave to file a late notice of claim should be left for determination by the trial court after petitioner commences an action based on the claims contained in her notice of claim. (See, Matter of Mervak v City of Niagara Falls, 101 Misc 2d 68 [Sup Ct, Niagara County 1979].) That action should be commenced expeditiously. Any discovery needed on the issue of UNDC’s actual notice of the facts underlying Ms. Mesa’s claims can be obtained in connection with that action.