■ Mamadou Diallo, Appellant, v City of New York, Respondent. [638 NYS2d 58] —Order, Supreme Court, Bronx County (Douglas E. McKeon, J.), entered on or about July 14, 1994, which denied petitioner's motion to serve a late notice of claim, unanimously reversed, on the law and the facts and in the exercise of discretion, and the motion is granted, without costs.

Petitioner, a Bronx resident, went to the 44th Precinct on a July morning in 1992 to report a robbery. Through an incredible turn of events, the police allegedly turned on him, physically restraining and beating him (breaking his nose in the process), and arresting him on charges of robbery, assault and

resisting arrest. While these charges were still pending, petitioner filed a timely notice of claim with the City Comptroller, the Corporation Counsel and the Police Department, alleging "personal injuries" from his negligent and reckless treatment at the hands of the police.

All charges were dismissed against petitioner in February 1993. Just short of a year later, petitioner moved to file a late notice of claim, alleging "malicious prosecution" in connection with his false arrest, in addition to the personal injuries. The IAS Court rejected this latest application as untimely, based upon respondent's position that it is the District Attorney, not the City of New York, which prosecutes criminals.

Absence of an acceptable excuse for delay is not necessarily fatal to petitioner's motion; all relevant factors should be considered on an application to file a late notice of claim, including "actual knowledge of the essential facts constituting the claim within the 90-day statutory period" (*Justiniano v New York City Hous. Auth. Police*, 191 AD2d 252). Respondent was given timely notice of the initial claim. The subsequent claim, petition for which was based on General Municipal Law § 50-e (6), could logically be viewed as an amended version of the earlier one (*see, Garcia v New York City Hous. Auth. Police Dept.*, 202 AD2d 471, 472). Any investigation of the incident at the precinct would necessarily have revealed the prosecution and final disposition of the criminal charges as well. Under these circumstances, actual knowledge of the allegedly malicious prosecution may be imputed to respondent through the police officers in its employ who were timely alleged to have beaten petitioner (*Justiniano v New York City Hous. Auth. Police, supra*, at 253; *see also, Ayala v City of New York*, 189 AD2d 632, 633). Concur—Sullivan, J. P., Wallach, Rubin, Kupferman and Mazzarelli, JJ.