*520 OPINION OF THE COURT
Doris Ling-Cohan, J.
Background
Petitioner LFL Gallery, Inc. seeks to commence an action to recover compensation for property damage it allegedly sustained on or about September 8, 2004 when defective sewer drains and sewer drain catch basins caused heavy rain water from a storm to back up (affidavit of Zack Feuer 1Í 2; proposed notice of claim 1f 3). The resulting flood waters flowed through the entrance to petitioner’s gallery, located at 530 West 24th Street in New York, New York, and allegedly damaged various works of art located in the gallery (id.). One of the principals of LFL, Zack Feuer, asserts that, on or about September 26, 2004, he called the City of New York’s 311 Citizen Service Center number and reported the September 8th incident involving the defective sewers and drains, and the resulting water damage to the gallery’s art works (Feuer affidavit 11 3). Mr. Feuer further states that, as a result of his 311 telephone call, the City assigned two complaint numbers to the matter (id.). On or about October 1, 2004, several days after his 311 call, Mr. Feuer saw representatives of the City inspecting and cleaning the sewer drains and catch basins in the vicinity of the gallery (Feuer affidavit 1i 5). Subsequently, petitioner alleges that the City has continued to periodically clean out and repair the sewer drains and catch basins in front of the gallery (Feuer affidavit 11 6).
By order to show cause signed by this court on July 22, 2005, petitioner brought this application for leave to serve a late notice of claim.
Discussion
When deciding whether to grant an application for leave to file a late notice of claim, courts consider various factors, including the following: (1) whether the petitioner has demonstrated a reasonable excuse for the failure to timely serve a notice of claim; (2) whether the public corporation acquired actual knowledge of the essential facts constituting the claim within 90 days after the claim arose or a reasonable time thereafter — a factor that should be accorded great weight (see Justiniano v New York City Hous. Auth. Police, 191 AD2d 252 [1st Dept 1993]); and (3) whether the delay substantially prejudiced the municipality’s ability to defend its case on the merits (see General Municipal Law § 50-e [5]; Diallo v City of New York, 224 AD2d 339 [1st Dept 1996]; Matter of Strauss v New York City Tr. Auth., 195 AD2d 322 [1st Dept 1993]; Matter of Gelles v New York City *521 Hous. Auth., 87 AD2d 757 [1st Dept 1982]). No one single factor is determinative (see Matter of Gerzel v City of New York, 117 AD2d 549, 551 [1st Dept 1986]; Rechenberger v Nassau County Med. Ctr., 112 AD2d 150, 152 [2d Dept 1985]; Matter of Morris v County of Suffolk, 88 AD2d 956, 957 [2d Dept 1982], affd 58 NY2d 767 [1982]).
Initially, it should be noted that petitioner has failed to offer any excuse for the delay of over 10 months in making the instant application for leave to serve a late notice of claim, except lack of knowledge that a notice of claim was required (see Feuer affidavit 1i 4). Ignorance of the law, and of the statutory notice of claim requirement pursuant to General Municipal Law § 50-e, in particular, does not excuse failure to file a timely notice of claim (see Ocasio v New York City Health & Hosps. Corp. [Morrisania Neighborhood Family Care Ctr.], 14 AD3d 361 [1st Dept 2005]; Harris v City of New York, 297 AD2d 473 [1st Dept 2002], lv denied 99 NY2d 503 [2002]; Matter of Embery v City of New York, 250 AD2d 611 [2d Dept 1998]; Gaudio v City of New York, 235 AD2d 228 [1st Dept 1997]). Absence of an acceptable excuse for the delay, however, is not fatal to an application to serve a late notice of claim (see Harris v City of New York, 297 AD2d at 473; Diallo v City of New York, 224 AD2d at 340; Justiniano v New York City Hous. Auth. Police, 191 AD2d at 252; Matter of Russell v City of New York, 2003 NY Slip Op 50872[U], *2 [Sup Ct, NY County 2003, Ling-Cohan, J.]).
The purpose of the notice of claim provision in General Municipal Law § 50-e “is to protect the municipality against unfounded claims and to assure it ‘an adequate opportunity ... to explore the merits of the claim while information is still readily available.’ ” (See Camacho v City of New York, 187 AD2d 262, 263 [1st Dept 1992], citing Teresta v City of New York, 304 NY 440, 443 [1952].) “However, it should not operate as a device to defeat the rights of persons with legitimate claims . . . Indeed, ‘General Municipal Law § 50-e (5) . . . is remedial in nature, and so should be liberally construed.’ ” (Camacho, 187 AD2d at 263, quoting Matter of Santana v City of New York, 183 AD2d 665 [1st Dept 1992].) Accordingly, courts will consider all factors listed in General Municipal Law § 50-e (5), particularly whether the municipality acquired actual knowledge of the essential facts constituting the claim within the 90-day statutory period, when determining whether to grant an application to serve a late notice of claim (see Diallo v City of New York, 224 AD2d at 340; Justiniano v New York City Hous. Auth. Police, *522 191 AD2d at 252; Matter of Russell v City of New York, 2003 NY Slip Op 50872[U], *2 [Sup Ct, NY County 2003]). Upon considering all of the relevant factors, the court grants petitioner’s application to serve a late notice of claim.
In opposition to petitioner’s application, the City asserts that the passage of time since the September 2004 flooding incident prevented it from investigating the claim, including conducting a hearing on the matter pursuant to General Municipal Law § 50-h, while the relevant information was still available and the memories of the witnesses were fresh. In addition, the City asserts that there is no document or report which provides actual knowledge of the facts constituting petitioner’s negligence and property damage claim, as opposed to the existence of the flooding incident, itself.
These arguments lack merit. The City does not deny that, as the result of LFL’s telephone call to the 311 Citizen Service Center, two complaints were reported concerning the flooding of the gallery as due to the backup of the sewer drains and catch basins on September 8, 2004. In fact, two complaint numbers were issued as a result of the incident. As has been noted above, one of LFL’s principals, Mr. Feuer, asserts that he reported to the City, during his 311 call, that the flooding damaged the gallery’s works of art (Feuer affidavit II 3). In addition, petitioner’s attorney states that, when he called the 311 number, he was advised that, as a result of the two complaints reported by LFL on September 26, 2004, the City scheduled an inspection and cleaning of the sewer catch basins in the vicinity of the gallery on October 1, 2004 (affidavit of Eliot L. Greenberg, Esq. in support of application 11 9). Indeed, Mr. Feuer reported that he observed city personnel inspecting and cleaning the nearby sewer drains and catch basins on October 1, 2004 (Feuer affidavit 11 6).
The City has access to the reports of complaints received through the 311 Citizen Service Center,* as well as records of the activities of the employees of the New York City Department of Environmental Protection (DEP) and other agencies involved in inspecting and cleaning the sewers. The City has *523 produced no records disputing petitioner’s claims. Nor has the City provided an affidavit from an individual with personal knowledge disputing that 311 complaints were made reporting the flooding of petitioner’s gallery and that the City took action based upon such 311 complaints. Under these circumstances, the City is deemed to have actual knowledge of the facts constituting petitioner’s claim and, consequently, will not be substantially prejudiced by permitting petitioner to file a late notice of claim (cf. Matter of Nayyar v Board of Educ. of City of N.Y., 169 AD2d 628 [1st Dept 1991] [leave to serve late notice of claim granted, as Board of Education had actual knowledge of claim by injured teacher, based upon comprehensive accident report, teacher’s assignment to Board of a lien on a settlement or judgment in a potential personal injury action and examinations of teacher by Board’s physicians]).
It must be noted that the proposed notice of claim annexed to petitioner’s application is defective, as it is addressed to the DEB rather than the New York City Comptroller or Corporation Counsel (see Herrera v Duncan, 13 AD3d 485, 486 [2d Dept 2004]) and is not sworn to, as is required by General Municipal Law § 50-e (2). In addition, the proposed notice of claim does not include the list of damaged works of art, referred to therein (see proposed notice of claim 1i 4). These deficiencies must be corrected when petitioner serves its notice of claim pursuant to this decision and order. In addition, the City is entitled to examine petitioner pursuant to General Municipal Law § 50-h.
Accordingly, it is ordered that the application of petitioner LFL Gallery, Inc. to serve a late notice of claim is granted.

 In fact, the 311 Citizens Service Center keeps detailed records of calls received, including sewer backup complaints by month (see, e.g., example of such a monthly record for June 2005 in the Web site for the Mayor’s Office of Operations: <http://www.nyc.gov/html/ops/html/311/ 31 l_top_dep_inqjun_05.shtml>, cached at <http://www.courts.state.ny.us/ reporter/webdocs/NYC_govMayor’s_Office_of_Operations.htm>).