IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | |
|---|---|
| FREDERICK WILLIAMS, | § |
| | § No. 371, 2020 |
| Plaintiff Below, | § |
| Appellant, | § Court Below—Superior Court |
| | § of the State of Delaware |
| v. | § |
| | § C.A. No. N20C-06-198 |
| TOLL BROTHERS BUILDERS, | § |
| HOCKESSIN CHASE LP, MICHAEL | § |
| BROWN, and TIMOTHY J. HOBAN, | § |
| | § |
| Defendants Below, Appellees. | § |
| | § |

Submitted: June 4, 2021
Decided: July 28, 2021

Before **VALIHURA**, **VAUGHN**, and **TRAYNOR**, Justices.

### **O R D E R**

After consideration of the briefs and the record on appeal, it appears to the Court that:

(1)  The appellant, Frederick Williams, challenges a decision of the Superior Court that dismissed his claims against Hockessin Chase, LP and others for damages arising out of home-construction defects. For the reasons discussed below, we affirm the Superior Court's judgment.

(2)  Williams purchased a house from Hockessin Chase in 2011. In December 2017, Williams filed a complaint in the Court of Common Pleas against Toll Brothers Builders and Michael Brown, alleging that the builder had poorly

constructed, and then poorly repaired, the driveway.[1]  On May 11, 2018, the Court of Common Pleas dismissed the action, without prejudice, for failure to name and serve the appropriate defendants.[2]  Specifically, the appellees' counsel informed Williams that Toll Brothers Builders was not a legal entity and that Hockessin Chase, LP would be the appropriate defendant; the court also provided Williams with information regarding how to serve an entity defendant.

(3)     In 2019, Williams filed a second lawsuit in the Court of Common Pleas, naming Hockessin Chase, among others, as defendants.[3]  The complaint sought damages for construction defects of the driveway, stucco, roof, and other areas of the home.  The defendants moved to dismiss, arguing that the Court of Common Pleas was not the proper venue, and lacked jurisdiction, because the matter was subject to arbitration under arbitration clauses in the sales agreement and home warranty contract.  On November 1, 2019, the Court of Common Pleas dismissed Williams's complaint, holding that "[p]ursuant to both Section 11 of the purchase agreement for the sale of the home and Article VII of the warranty agreement, the

---

[1] *See* Appendix to Answering Brief, at B-63.

[2] *Id.* at B-42-43.  In a later action, the appellees took the position that the Court of Common Pleas also dismissed that first action "for, in part, failure to have jurisdiction over Plaintiff's alleged claims in light of the arbitration clauses within the governing documents." *Williams v. Hockessin Chase, LP*, C.A. No. CPU4-19-002007, Motion to Dismiss filed Oct. 11, 2019, ¶ 8 (Del. Ct. Com. Pl.).  In our view, the record, including the Court of Common Pleas order dated May 11, 2018 (Appendix to Answering Brief, at B-65) and the transcript of the May 11, 2018 hearing (Appendix to Answering Brief, at B-27-45), does not support the appellees' assertion that the Court of Common Pleas dismissed the first action based on the arbitration provision.

[3] Appendix to Answering Brief, at B-71-73.

parties have agreed to resolve any and all claims arising out of the home or home warranty through binding arbitration."[4] Williams did not appeal, but he filed a motion that the Court of Common Pleas treated as a motion for reargument and denied.[5]

(4) In June 2020, Williams initiated a new suit in Superior Court, again seeking damages for construction defects of the driveway, stucco, roof, and other areas of the home. The defendants moved to dismiss, arguing that the complaint was barred by *res judicata* and because the dispute was subject to arbitration.[6] The Superior Court granted the motion to dismiss, holding that the Superior Court claims were barred by the doctrine of claim preclusion because they arose out of the same operative facts as the complaint that the Court of Common Pleas had previously dismissed. Williams has appealed to this Court.

(5) The Superior Court correctly determined that Williams's claims were precluded by the judgment in the second Court of Common Pleas case. The doctrine of claim preclusion, or *res judicata*, forecloses a party from bringing a second suit based on the same cause of action after a court has entered judgment in a prior suit involving the same parties.[7] The Court of Common Pleas dismissed Williams's

---

[4] *Id.* at B-90-91 (citations omitted).
[5] *Id.* at 92-101.
[6] *Id.* at B-57-58.
[7] *Betts v. Townsends, Inc.*, 765 A.2d 531, 534 (Del. 2000). *See also Dover Hist. Soc'y, Inc. v. City of Dover Planning Comm'n*, 902 A.2d 1084, 1092 (Del. 2006) ("*Res judicata* operates to bar a claim where the following five-part test is satisfied: (1) the original court had jurisdiction over the

claims against Hockessin Chase and the other defendants on the grounds that Williams was required to submit the dispute to binding arbitration, and Williams neither appealed that decision nor participated in arbitration. The Superior Court did not err by dismissing Williams's Superior Court complaint on that basis.

(6)     Williams asserts that binding arbitration was not his only available remedy, pointing to the decision in *Wang v. Hockessin Chase L.P.*[8]  In *Wang*, homeowners asserted similar construction-defect claims against Hockessin Chase as the claims that Williams has asserted against Hockessin Chase.  The *Wang* defendants sought dismissal of the homeowners' claims, as they did of Williams's claims, on the grounds that the sales contract and warranty required the homeowners to submit the dispute to binding arbitration.  The contract and warranty at issue in *Wang* appear to include very similar language regarding arbitration as the Williams contract and warranty.  On November 9, 2018, approximately one year before the Court of Common Pleas determined that Williams was required to submit the dispute to binding arbitration, the Superior Court in *Wang* denied the defendants' motion to dismiss.  The court held that it was "unable to interpret the [sales contract and warranty] to mean that any action under the Warranty must be resolved by binding

_____

subject matter and the parties; (2) the parties to the original action were the same as those parties, or in privity, in the case at bar; (3) the original cause of action or the issues decided was the same as the case at bar; (4) the issues in the prior action must have been decided adversely to the appellants in the case at bar; and (5) the decree in the prior action was a final decree.").
[8] 2018 WL 6046620 (Del. Super. Ct. Nov. 9, 2018).

arbitration or that, if another remedy is pursued, the buyer forfeits their rights under the Warranty"[9] and that "other remedies are a plausible means of dispute resolution."[10]

(7)     Unfortunately, Williams does not appear to have cited *Wang* while his case was pending in the Court of Common Pleas in 2019.  And in response to our request for supplemental briefing concerning *Wang*—including our specific request to address whether the appellees or their counsel brought *Wang* to the attention of the Court of Common Pleas—the appellees have not indicated that they did so.  We therefore cannot determine from the record before us whether the Court of Common Pleas was aware of the *Wang* decision or whether the court's consideration of *Wang* would have changed its decision in Williams's case.  Nevertheless, we conclude that the judgment in the Court of Common Pleas precluded Williams's later action in the Superior Court.  If Williams believed that the Court of Common Pleas overlooked *Wang*, he should have cited it or pursued reargument or an appeal on that basis. Indeed, even now, he might possibly seek relief from the Court of Common Pleas

---

[9] *Id.* at *6.

[10] *Id.* at *5.  *See also Hockessin Chase, L.P. v. Wang*, C.A. No. 2017-0719-TMR, order at 3-4 (Del. Ch. Mar. 4, 2019) (Appendix to Appellees' Supplemental Brief, at B-200-05) (dismissing Hockessin Chase's action to confirm an arbitral award, and "agree[ing] with the Superior Court's reasoning and conclusion" that binding arbitration was not the only remedy available to the Wangs under the contract and warranty).

5

under that court's Civil Rule 60(b), but we express no opinion on whether relief would be warranted in the circumstances of this case.[11]

(8)  Although we affirm the Superior Court's judgment, we are troubled by the appellees' counsel's failure to bring *Wang* to the attention of the Court of Common Pleas in the 2019 case, and we take this opportunity to remind the bar of counsel's obligation to cite adverse authority. Rule 3.3(a)(2) of the Delaware Lawyers' Rules of Professional Conduct provides that a lawyer shall not knowingly "fail to disclose to the tribunal legal authority in the controlling jurisdiction known to the lawyer to be directly adverse to the position of the client and not disclosed by opposing counsel." Comment 4 to that rule states:

> Legal argument based on a knowingly false representation of law constitutes dishonesty toward the tribunal. A lawyer is not required to make a disinterested exposition of the law, but must recognize the existence of pertinent legal authorities. Furthermore, as stated in paragraph (a)(2), an advocate has a duty to disclose directly adverse authority in the controlling jurisdiction that has not been disclosed by the opposing party.

Under Rule 3.3, "an attorney should not ignore potentially dispositive authorities"; rather, counsel must "cite adverse cases which are ostensibly controlling and then may argue their merits or inapplicability."[12]

---

[11] *Cf. Gibson v. Car Zone*, 2011 WL 5354270, at \*2 (Del. Nov. 8, 2011) (affirming denial of motion under Rule 60(b) where appellant failed to show that opposing counsel had violated Rule 3.3(a)(2) of the Delaware Lawyers' Rules of Professional Conduct).

[12] *Mannheim Video, Inc. v. County of Cook*, 884 F.2d 1043, 1047 (7th Cir. 1989).

(9)    In the supplemental briefing, the appellees contend that they and their counsel were not required to cite *Wang* when seeking dismissal of Williams's 2019 Court of Common Pleas complaint because the Wang litigation had not concluded and could have been overturned on appeal.  They cite no authority for the proposition that counsel has no obligation to cite an adverse decision because it might be reversed or overturned in the future.  This Court has not had occasion to address that issue; because of our determination that counsel's failure to cite *Wang* does not warrant reversal here, we decline to resolve this issue in the procedural posture of this case.  But we note that courts in other jurisdictions have opined that a lawyer's obligation to cite "adverse authority" extends to authorities from the controlling jurisdiction that are "directly adverse to any proposition of law on which the lawyer expressly relies" and that "would reasonably be considered important by the judge sitting on the case."[13]  Thus, "a court decision can be 'directly adverse' to a lawyer's position even though the lawyer reasonably believes that the decision is factually distinguishable from the current case or the lawyer reasonably believes that, for some other reason, the court will ultimately conclude that the decision does not

---

[13] *Tyler v. State*, 47 P.3d 1095, 1104 (Alaska 2001) (quoting Formal Opinion No. 280 of the American Bar Association's Committee on Professional Ethics and Grievances); *In re Greenberg*, 104 A.2d 46, 48 (N.J. 1954).  *See also In re Bowen*, 2015 WL 5717439, at *5 (Bankr. E.D. Va. Sept. 29, 2015) ("Under Model Rule 3.3, counsel has a duty not only to cite adverse authority but also must bring to the attention of the deciding court another court's ruling against the lawyer's client on the same issue."); *Cicio v. City of New York*, 98 A.D.2d 38, 40 (N.Y. App. Div. 1983) (stating that city's counsel's failure to cite multiple adverse authorities was "most disturbing and clearly inexcusable" as to two of the adverse cases in which the city was also a party).

control the current case."[14]  In short, counsel "have an affirmative obligation to advise the court of adverse authorities, though they are free to urge their reconsideration."[15]

NOW, THEREFORE, IT IS ORDERED that the judgment of the Superior Court is AFFIRMED.

BY THE COURT:

/s/ James T. Vaughn, Jr.
Justice

---

[14] *Tyler*, 47 P.3d at 1105-06.
[15] *Cicio*, 98 A.D.2d at 40.